2018 PA Super 211

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEITH SMITH, | |
| Appellant | No. 1751 EDA 2017 |

Appeal from the PCRA Order Entered May 8, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0503171-2000
CP-51-CR-0503181-2000

BEFORE:   BENDER, P.J.E., STABILE, J., and PLATT, J.*

OPINION BY BENDER, P.J.E.:                    Filed July 20, 2018

Appellant, Keith Smith, appeals from the order dismissing, as untimely, his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On September 25, 2001, [Appellant] was convicted by a jury of first-degree murder, [18 Pa.C.S. § 2502(a),] possessing an instrument of crime, [18 Pa.C.S. § 907,] and recklessly endangering another person, [18 Pa.C.S. § 2705].  In our memorandum affirming [Appellant]'s judgment of sentence, we summarized the pertinent facts underlying these convictions as follows:

[O]n October 15, 1999, at approximately 3:30 p.m., the victim Clifton Walker was shot at the intersection of 34th and Mt. Vernon Streets, Philadelphia.  At the time of the shooting, the victim was with a group of friends and

_____

* Retired Senior Judge assigned to the Superior Court.

acquaintances, including Commonwealth witnesses Huey Hewitt and Kirk Dunson. The shooter stood in the intersection and fired at least eight shots, hitting the victim from the rear three times. Two of the shots entered the victim's buttocks; the fatal bullet entered at the shoulder blade, severed the aorta, exited and hit the victim's chin and exited a second time. The police obtained statements from the two above-named witnesses on the evening of the incident in which each of them identified [Appellant] as the shooter. At a later time, each of the witnesses recanted their identifications of [Appellant] and attributed their inculpatory statements to police misconduct, *i.e.*, withholding of medical treatment of Hewitt and physical abuse of Dunson. At trial, neither witness identified [Appellant] as the shooter. The Commonwealth was permitted to utilize their prior inconsistent statements as substantive evidence of [Appellant]'s guilt.

***Commonwealth v. Smith***, No. 554 EDA 2002, [unpublished memorandum] at 1–2 (Pa. Super. [filed] May 6, 2003). On September 26, 2001, [Appellant] was sentenced to life imprisonment. On May 6, 2003, we affirmed the judgment of sentence. *Id.* at 1, 6. The Pennsylvania Supreme Court denied [Appellant]'s petition for allowance of appeal. ***Commonwealth v. Smith***, 836 A.2d 122 (Pa. 2003)[].

On June 24, 2004, [Appellant] filed his first PCRA petition. Following the appointment of counsel and the filing of an amended petition, the PCRA court dismissed the petition without a hearing. On June 5, 2007, we affirmed the denial. ***Commonwealth v. Smith***, No. 1399 EDA 2006, [unpublished memorandum] at 7 (Pa. Super. [filed] June 5, 2007). On March 14, 2008, the Pennsylvania Supreme Court denied [Appellant]'s petition for allowance of appeal. ***Commonwealth v. Smith***, 945 A.2d 170 (Pa. 2008)[].

On December 9, 2009, [Appellant] filed a second *pro se* PCRA petition, which the PCRA court dismissed as untimely on August 20, 2010. On November 30, 2011, we also found the petition to be untimely, and affirmed the PCRA court's dismissal order. ***Commonwealth v. Smith***, No. 2552 EDA 2010, [unpublished memorandum] at 1, 7 (Pa. Super. [filed] Nov. 30, 2011). On June 20, 2012, the Pennsylvania Supreme Court denied [Appellant]'s petition for allowance of appeal. ***Commonwealth v. Smith***, 47 A.3d 847 (Pa. 2012)[].

> [Appellant] filed his third and fourth PCRA petitions on March 27, 2012 and August 15, 2012, respectively. The PCRA court dismissed both petitions as untimely on February 12, 2013. On February 11, 2013, [Appellant] filed his fifth PCRA petition. … On April 5, 2013, the PCRA court entered an order dismissing Smith's fifth petition.

***Commonwealth v. Smith***, No. 1264 EDA 2013, unpublished memorandum at 1-3 (Pa. Super. filed February 28, 2014). This Court affirmed the denial of Appellant's fifth PCRA petition as untimely on February 28, 2014. ***Id.*** at 10. Our Supreme Court denied his petition for allowance of appeal on October 7, 2014. ***Commonwealth v. Smith***, 97 A.3d 817 (Pa. 2014).

The matter *sub judice* arose as follows:

> The instant [PCRA] petition was filed on October 14, 2014, followed by several amended petitions dated February 20, 2015, March 9, 2015, December 4, 2015 and a PCRA petition styled as a writ of *habeas corpus* on January 4, 2017. Pursuant to Pa.R.Crim.P. 907, th[e PCRA] court sent a notice of intent to dismiss the petition as untimely without exception on March 22, 2017. In response to th[e] court's 907 notice, [Appellant] filed another petition on April 6, 2017. Th[e PCRA] court formally dismissed the petition on May 8, 2017. [Appellant] timely filed a notice of appeal to the Pennsylvania Superior Court on May 23, 2017.

PCRA Court Opinion ("PCO"), 7/25/17, at 2 (footnote omitted).

Appellant now presents the following questions for our review, which we set forth *verbatim*:

> 1. Whether the PCRA Court erred in denying [appellant's] Post-Conviction Petition as untimely when {appellant] did established that Government officials interfered with the presentation of the claim, failure to turn over impeachment and exculpatory evidence {David Jefferson's] statement that was given to detectives was in violation of Brady within the plain language of the timeliness exception set forth at 42 Pa C.S.A 9545 (b) (1) (i) (iii) and {after
> -

discovered facts claim} section 9545 (b) (1) (ii), and filing claim within sixty days (60) satisfying 9545 (b) (2)?

2. Whether {appellant} is entitled to a new trial or remand for an evidentiary hearing based upon the affidavit of {David Jefferson's} admitting that he gave a statement to detectives on 10/15/1999 that he was with {Clift Walker} the victim in this case prior to the shooting and stated within affidavit {Clift Walker} had words with males from North-Philly, was impeachment evidence and exculpatory to the argument of the witnesses out-of court statements that was admitted at trial, which {after-discovered fact} was provided to {appellant} by way of affidavit by {David Jefferson} sent to {appellant} by mail?

3. Whether the District Attorney's failure to disclose impeachment and exculpatory evidence to {appellant} proving his innocence, that he did not shoot {Cliff Walker} because of an argument, and Whether {appellant's} confrontation Clause Rights were violated under the sixth Amendment "to be confronted with witnesses against him" those whom were actually present for the argument which the prosecution used towards proving {appellant's} guilt violates the prosecutions obligation under the Fourteenth Amendment Due Process and substantive Due Process right?

4. Whether trial counsel was ineffective for failing to investigate and present at trial impeachment and exculpatory evidence, especially {Kelly Smith} who was not on the corner of 34th and MT. Vernon street standing around with males and who did not argue with {Clift Walker} prior to him being shot, and was not with {appellant} in a vehicle before the shooting?

5. Whether the PCRA Court erred and improperly dismissed {appellant's} PCRA Petition as untimely without an evidentiary hearing to review whether trial counsel was ineffective assistance by failing to investigate and call Rasheeda Brennan, Malik Walker, Edward Johnson, whom had knowledge of {appellant's} whereabouts as alibi witnesses, violated {appellant's} sixth Amendment right "to obtain witnesses in his favor"?

6. Whether the PCRA Court erred in denying {appellant} Post-conviction Petition as untimely filed, when {appellant} filed several issues under Pa.R.Crim.P. 905(A), requesting right to Amend, which such right shall be freely allowed to achieve substantial justice, where {appellant} clearly filed amendment before PCRA Court Order of May 8, 2017?

7. Whether the PCRA Court erred by denying {appellant} Habeas Corpus Review under the "Legality of sentence claim", which cannot be waived, where the PCRA Court does not subsume any remedy that address the challenge of the penal statute 18 Pa.C.S.A. 1102(A) constitutionality, as to whether a Judge has statutory authority to impose a further condition upon a sentence without parole, pursuant 1102(A)?

8. Whether the PCRA Court erred by denying relief, vacation of sentence, remand, evidentiary hearing, as to the Pennsylvania statute of 18 Pa. C.S.A. 1102(A) violates Due Process; is unconstitutional and void under the Vagueness Doctrine: because the statute fails to give a person of ordinary intelligence fair notice that its true penalty is life imprisonment "without parole", and the legality of sentence is in question/ subject matter jurisdiction which cannot be waived?

9. Whether the PCRA Court erred by denying relief Due, where the sentencing Court has never docketed a "sentencing order", nor furnished one upon {appellant} to have properly challenged the legality of the sentence imposed from the actual sentencing order and contents stated therein, did/does violate Due Process and substantive Due Process rights, where {appellant} could have raised the claim within one year of his judgment becoming final, had the sentencing order been docketed and provided by the Clerk of Courts/ judge, thus making the sentence legality a question of merits review?

10. Whether the PCRA Court erred, by failing to review the Law, where the trial Court violated {appellant's} Due Process right of the Fifth, Fourteenth, sixth Amendment and pursuant Pa. Constitution article 1 sections 9, 10, as the trial court was without jurisdiction to try, convict or sentence {appellant},: because the Commonwealth criminal complaint/information was void for vagueness Doctrine, and failed to confront {appellant} with formal and specific accusations of the crimes charged for Recklessly endangering another Person, and first degree Murder elements, as a challenge to a Courts subject matter jurisdiction is non-waivable?

11. Did the Pcra Court erred, by failing to address the claim of whether the [appellant's] 5th, 6th, 14th Amendment constitution rights were violated by the trail Courts instruction that, "there was no evidence of voluntary manslaughter, nor elements of manslaughter in this case and those are not for your consideration

- 5 -

here", when the commonwealth's case in chief was predicated upon a killing caused by provocation and heat of passion? N.T.1200

12. Did the PCRA Court erred, by failing to address the claim of whether the Commonwealth suppressed, withheld, misrepresented material evidence of the autopsy's findings, that was favorable to [appellant] and material to guilt rendering the conviction unreliable, warranting a new trial?

13). Whether the PCRA Court erred, by denying relief, of Did the trial Court abuse discretion or commit an error of law, by imposing an illegal sentencing condition "without parole", that's not within the laws of the Pennsylvania act. No 1974-46 H.B.1060 P.L. 213§4, violated Defendants constitutional rights of the fifth, eight, fourteenth Amendment?

14). Whether the PCRA Court erred, by denying relief, of Did the trial Court abuse discretion or commit an error Of law, by imposing an illegal sentence, enacting the crimes code statute 18.Pa. C.S. § 2502 as the sentencing statute, without statutory authority, lacked subject matter jurisdiction, where the General Assembly, "never" gave authorization to judges, to charge, punish, and sentence defendants, under the same statute, violated Defendants constitutional rights, under the fifth, eight, fourteenth Amendment?

Appellant's Brief at 2-5.

Our standard of review of an appeal from the denial of a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

- 6 -

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted).

Before we address any specific claim for relief, however, we must begin by addressing the timeliness of Appellant's petition, because the PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In his attempt to bypass the PCRA's timeliness requirements, Appellant makes multiple arguments. First, he contends the government officials interfered with his **Brady**[1] claim, thereby invoking the timeliness exception set forth in 42 Pa.C.S. § 9545(b)(1)(i). Second, he argues that an affidavit provided by David Jefferson (hereinafter "Jefferson Affidavit") constitutes newly-discovered evidence for purposes of Section 9545(b)(1)(ii). Third, Appellant asserts government interference based on the Commonwealth's purported failure to disclose the victim's autopsy results after Appellant requested and was denied them from Philadelphia's medical examiner in January of 2016 and, similarly, after he requested and was denied them from the Philadelphia Department of Public Records between February and May of 2016. Fourth, Appellant asserts newly-discovered facts based on an affidavit he received from Kelly Smith that he claims contains exculpatory evidence and therefore establishes that counsel was ineffective for failing to call Smith as a witness at trial. Finally, Appellant asserts that he is entitled to *habeas corpus* relief based on an illegality of sentencing claim, which he asserts is not

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963). In **Brady**, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." **Id.** at 87.

cognizable under the PCRA and, therefore, the PCRA court should not have dismissed it as an untimely PCRA petition.

Appellant's first and second timeliness-exception arguments are interrelated, as both appear to hinge on Appellant's receipt of the Jefferson Affidavit on August 14, 2014.[2]  Therein, David Jefferson stated that he was driving around with the victim, his cousin, on the day of and just prior to the fatal shooting.  Jefferson Affidavit, 7/29/14, at 1 (unnumbered pages). Jefferson further indicated that, earlier that day, the victim "had some words with some dudes from … [N]orth [P]hilly."  *Id.*  He dropped the victim off near or at the location of the shooting.  *Id.*  Soon thereafter, he heard the sound of gunshots.  *Id.*  As he returned to that location, he was stopped by police, who took him to a hospital where a shooting victim told police that Jefferson was not the culprit.[3]  *Id.*  Police then transported Jefferson to "homicide down [at] 8th and [R]ace."  *Id.*  Jefferson stated that, at that time, he told police about his interaction with the victim that day, including the fact that the victim had an argument with the "dudes" from North Philadelphia. *Id.*

Appellant contends that Jefferson's statement to police on the day of the shooting, as described in the Jefferson affidavit, was withheld from the defense at his trial, despite ostensibly constituting "exculpatory and

---

[2] The affidavit was dated July 29, 2014.

[3] It is not clear whether this references the shooting that led to the victim's death, or an unrelated shooting.

impeachment evidence." Appellant's Brief at 18. Appellant argues that August 14, 2014, the date of his receipt of the Jefferson Affidavit, was "the first time the new claim could have been raised and presented...." *Id.* at 19.

Appellant asserts that Section 9545(b)(1)(i) applies to excuse the untimely filing of his PCRA petition. However, Appellant appears to rely entirely on the failure of the Commonwealth to disclose Jefferson's statement to police *at trial* as the basis for this claim. This argument appears to confuse the standard for establishing a *Brady* violation with that required to establish a valid argument for application of the interference by government officials timeliness exception set forth in Section 9545(b)(1)(i). Even assuming the failure to disclose Jefferson's statement constituted a *Brady* violation, Appellant is not entitled to an indefinite period to raise that claim by invocation of the government interference exception. "Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove that the failure to previously raise these claims was the result of interference by government officials, and that the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2006).

Appellant also asserts that his discovery of Jefferson's statement to police, as described in the Jefferson Affidavit, constitutes a newly-discovered fact for purposes of Section 9545(b)(1)(ii), which explicitly requires due diligence in the discovering of new facts previously unknown to a petitioner. Thus, under both exceptions, Appellant must demonstrate that he acted with

due diligence in obtaining the Jefferson Affidavit. "Due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Commonwealth v. Burton**, 121 A.3d 1063, 1071 (Pa. Super. 2015), *affirmed*, 158 A.3d 618 (Pa. 2017). For the reasons that follow, we agree with the PCRA court that Appellant was not duly diligent in his acquisition of the Jefferson Affidavit.

The PCRA court concluded that:

[A]fter a thorough review of [A]ppellant's record, it was revealed that [he] was [previously] aware that Jefferson was detained and questioned about the homicide. In his November 2009 [PCRA] petition, [Appellant] included a correspondence from the Commonwealth dated May 17, 2000[,] listing the names of witnesses interviewed as well as statements given to police officers. **See** PCRA Petition 11/6/2009 at Exhibit P. Included in the discovery submitted to defense counsel was an investigative report by Sergeant Scott Murphy, one of the officers interviewing witnesses. In his Investigation Interview Record, he stated that he detained Jefferson and took his statement. **See** PCRA Petition 10/14/14 [at] Exhibit F. Therefore, while the statement may not have been submitted to defense counsel, [Appellant], at the very least[,] was aware of its existence as it was referred to in Murphy's report. At no time did [Appellant] show that he exercised due diligence by attempting to obtain the statement at an earlier time, despite being aware of Jefferson's presence since 2000.

PCO at 5-6. We agree with the PCRA court's analysis.

Additionally, in the Jefferson Affidavit, Jefferson indicated that he spoke with Appellant's sister, Kaisha Smith, in 2011, about his conversation with police in 1999. Jefferson Affidavit at 1 (unnumbered pages). Thus, even if Appellant acted diligently in seeking out Jefferson during the time between

- 11 -

2000 and 2011, Appellant does not explain why it took an additional three years for him to present an affidavit from Jefferson. For these reasons, we conclude that Appellant failed to demonstrate that he acted with due diligence in presenting his *Brady* claim premised on Jefferson's Affidavit. This conclusion is fatal to his attempts to invoke the PCRA timeliness exceptions set forth in Section 9545(b)(1)(i) and (b)(1)(ii). Moreover, because Appellant's lack of due diligence is apparent on the face of the record, there are no genuine issues of material fact that would justify a remand for an evidentiary hearing. *See Commonwealth v. Keaton*, 45 A.3d 1050, 1071 (Pa. 2012) (holding that remand was unnecessary "for further development of [a] record-based claim" where the reasons for the PCRA court's decision were already supported by the existing record).

Next, Appellant invokes the government interference exception based on the Commonwealth's failure to disclose evidence from the autopsy including photos and other evidence of the location of the victim's wounds, despite Appellant's requests made in January to May of 2016, which Appellant claims is the basis for a *Brady* claim. The PCRA court determined that any such *Brady* claim was waived because Appellant could have raised it at trial, during his direct appeal, or in any one of his prior PCRA petitions. PCO at 6. We agree. Even if Appellant could meet a timeliness exception, he makes no attempts to explain why the absence of such evidence at trial did not provoke him or his prior attorneys to raise a related *Brady* claim at, or immediately after, his trial. In any event, and for essentially the same reason, Appellant's

failure to explain why his 2016 requests for evidence from the victim's autopsy could not have been made in the 16 years since his trial demonstrates that he failed to plead and/or prove that he acted with due diligence in attempting to discover the contents of the autopsy report that were allegedly withheld from him. It is no more apparent now than it was at trial that such evidence, even if helpful to the defense (a purely speculative claim in its own right), was not presented by the Commonwealth, and/or that it was not disclosed to the defense.

Next, Appellant asserts newly-discovered facts in the form of an affidavit provided to him by Kelly Smith. However, Appellant again fails to plead and prove he acted with due diligence in securing that affidavit as required under Section 9545(b)(1)(ii). In Appellant's brief, he states that "[o]n January 15, 2001[,] [Appellant] sent counsel a detailed letter of all the witnesses he wanted called for trial and for counsel to interview those witnesses, [n]amely: **Kelly** [**S**]**mith**, …." Appellant's Brief at 37 (emphasis added). Appellant provides no explanation how or why it took until July 10, 2014, more than 13 years, to obtain a statement from Kelly Smith. Thus, we agree with the PCRA court that Appellant cannot avail himself of the newly-discovered fact exception based on Kelly's affidavit.[4]

---

[4] The PCRA court rejected this claim on a different basis, indicating that Appellant failed to meet the 60-day requirement of Section 9545(b)(2). However, Appellant's previous PCRA petition was still under review with our Supreme Court until October 7, 2014 and, therefore, he could not file a new

Finally, Appellant claims that the PCRA court erred by denying his attempt to seek relief under the writ of *habeas corpus*. Essentially, Appellant asserts that the sentencing provision applied to his murder conviction is void for vagueness, in that it ostensibly does not provide adequate notice that the penalty of "life imprisonment" means life imprisonment without the possibility of parole. 18 Pa.C.S. § 1102. The PCRA court construed Appellant's *habeas* petition as an amendment to the PCRA petition under consideration herein, reasoning that the constitutionality of his sentence was a claim that was fully cognizable under the PCRA. PCO at 3.

Appellant makes no argument that his *habeas* petition is timely under Section 9545(b)(1). Instead, he claims that the PCRA court erred by construing his *habeas* petition as a PCRA petition. Specifically, he asserts that his void-for-vagueness claim is not cognizable under the PCRA statute and, therefore, that the statute's timeliness provisions do not apply to his *habeas* petition. For the following reasons, we agree.

Section 9542 provides, in pertinent part, that:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and **persons serving illegal sentences** may obtain collateral relief. The action established in this subchapter **shall be the sole means of obtaining collateral relief** and encompasses all other common law and

---

PCRA petition until that time. Nevertheless, because Appellant has failed to demonstrate that he acted with due diligence in obtaining Kelly's affidavit, he cannot satisfy the newly-discovered fact exception to the PCRA's timeliness requirements. **See Ford**, 44 A.3d at 1194 ("This Court may affirm a PCRA court's decision on any grounds if the record supports it.").

statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus….

42 Pa.C.S. § 9542 (emphasis added). Appellant correctly notes that this provision exists in tension with the eligibility-for-relief provisions of the PCRA statute. Section 9543 provides, in pertinent part, as follows:

> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
> >
> > > (i) currently serving a sentence of imprisonment, probation or parole for the crime;
> > >
> > > (ii) awaiting execution of a sentence of death for the crime; or
> > >
> > > (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.
> >
> > (2) That the conviction or sentence resulted from one or more of the following:
> >
> > > (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
> > >
> > > (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
> > >
> > > (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

…

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) ***The imposition of a sentence greater than the lawful maximum.***

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a) (emphasis added).

There is no dispute that the Appellant's *habeas* petition satisfies Section 9543(a)(1), as Appellant is currently serving a sentence of imprisonment. However, the only provisions of Section 9543(a)(2) that might arguably pertain to sentencing claims which, like the one presented by Appellant in his *habeas* petition, do not also pertain to matters of underlying guilt or innocence, are Sections 9543(a)(2)(vii) and (viii). As the jurisdiction of the trial/sentencing court is not in question, that leaves only Section 9543(a)(2)(vii), which permits relief under the PCRA statute for claims involving the "imposition of a sentence greater than the lawful maximum." 42 Pa.C.S. § 9543(a)(2)(vii). Appellant asserts that the void-for-vagueness claim set forth in his *habeas* petition (essentially a due process claim), does not posit that his sentence exceeds the lawful maximum for first-degree murder and, therefore, is not a claim that is eligible for relief under the PCRA statute.

The PCRA court does not indicate in its opinion why it construed Appellant's void-for-vagueness argument as an illegal-sentencing claim that is cognizable under the PCRA. Instead, it states, citing **Commonwealth v. Hacket**, 956 A.2d 978 (Pa. 2008) that "constitutional challenges are fully cognizable under the PCRA…." PCO at 3. However, in **Hacket**, our Supreme Court narrowly ruled that claims raised pursuant to **Batson v. Kentucky**, 476 U.S. 79 (1986), are cognizable under the PCRA, as it was similar to other issues previously found to be cognizable under the PCRA, and dissimilar to claims "which fall outside the PCRA's statutory scheme." **Hacket**, 956 A.2d at 986.

Appellant does not explicitly claim that his sentence exceeds the lawful maximum, nor is his claim easily construed as such. Instead, he contends that—in crafting the sentencing statute for first-degree murder—the legislature failed to give adequate or reasonable notice of the penalty for that offense, especially in light of other sentencing provisions, such as the minimum/maximum rule.[5] If anything, Appellant is challenging the minimum sentence imposed (that is, that no minimum sentence was imposed); he does not claim that his sentence exceeded the lawful maximum.

---

[5] When imposing a sentence of "total confinement," 42 Pa.C.S. § 9756(a), "[t]he court **shall** impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed[,]" 42 Pa.C.S. § 9756(b)(1) (emphasis added).

Nor does Appellant's claim fall within the well-recognized categories of illegal sentencing issues that are cognizable under the PCRA under applicable case law.

> The phrase 'illegal sentence' is a term of art in Pennsylvania Courts that is applied to three narrow categories of cases. Those categories are: "(1) claims that the sentence fell 'outside of the legal parameters prescribed by the applicable statute'; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in ***Apprendi v. New Jersey***, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)."

***Commonwealth v. Munday***, 78 A.3d 661, 664 (Pa. Super. 2013) (citations omitted). The latter category includes claims that arise under the progeny of ***Apprendi***, including ***Alleyne v. United States***, 570 U.S. 99 (2013). Additionally, "[t]his Court has also held that claims pertaining to the Eighth Amendment's Cruel and Unusual Punishment Clause also pertain to the legality of the sentence." ***Commonwealth v. Lawrence***, 99 A.3d 116, 122 (Pa. Super. 2014). None of these categories apply to Appellant's issue, which is grounded in due process concerns.

***Lawrence*** is instructive here. In that case, the appellant challenged the constitutionality of the sentencing provision for juveniles convicted of murder, 18 Pa.C.S. § 1102.1, arguing, *inter alia*, that the statute violated equal protection and *ex post facto* principles. ***Lawrence***, 99 A.3d at 118. In order to escape waiver concerns, the appellant argued that his claims implicated the legality of his sentence. However, the ***Lawrence*** Court determined those issues were not illegal-sentencing claims, despite the fact that they targeted a sentencing statute. The Court reasoned that:

- 18 -

In our view, there is a meaningful difference between the remaining two arguments [the a]ppellant raises in this case and issues pertaining to the Eighth Amendment, merger, *Apprendi* and *Alleyne*. The Eighth Amendment, merger, *Apprendi*, and even *Alleyne* all directly circumscribe the trial court's sentencing process and sentencing authority. Stated another way, the goal of the Cruel and Unusual Punishment Clause, the merger doctrine, *Apprendi* and *Alleyne* is to protect defendants from the imposition of punishments **by trial judges** that are unconstitutional, imposed through unconstitutional processes, or are a "greater punishment than the legislature intended." [*Commonwealth v.*] *Andrews*, [768 A.2d 309, 313 (Pa. 2001)]. However, as is relevant in this case, the Equal Protection Clause and the *Ex Post Facto* Clauses serve to restrict legislative power. [The a]ppellant does not argue that the trial court did not follow Section 1102.1's mandate or text in carrying out its traditional sentencing function. Nor does Appellant argue that any part of the sentencing process was unconstitutional. Rather, [the a]ppellant argues that the General Assembly passed a statute that, in his view, unconstitutionally treats some juveniles differently than others, and retroactively changes the punishment for the crime after it was committed. These arguments do not address the same concerns as the Eighth Amendment, the merger doctrine, *Apprendi* and *Alleyne*. Because [the a]ppellant's Equal Protection and *Ex Post Facto* Clause arguments directly seek protection from legislatures, not judges, we hold that these arguments fall into the category of "a sentencing issue that presents a legal question [rather than a claim that the] sentence [is] illegal." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1036 n.5 (Pa. Super. 2013) (*en banc*) (citation omitted).

*Lawrence*, 99 A.3d at 123–24 (some internal citations omitted, emphasis in original).

Likewise, here, Appellant's void-for-vagueness claim is a sentencing issue that presents a legal question that is qualitatively distinct from the categories of illegal sentences recognized by our courts. It does not challenge the sentencing court's authority or actions insomuch as it challenges the

legislature's alleged failure to provide adequate notice of the penalty for first-degree murder.

However, Appellant's void-for-vagueness claim, just like all claims (but for the three categories of illegal-sentencing claims, **see Munday**, **supra**), is subject to waiver. "*Habeas corpus* is an extraordinary remedy and is available after other remedies have been exhausted or ineffectual or nonexistent. It will not issue if another remedy exists and is available." **Commonwealth ex rel. Johnson v. Bookbinder**, 247 A.2d 644, 646 (Pa. Super. 1968). As Appellant's claim could have been raised at his sentencing hearing, or in a post-sentence motion, he failed to exhaust all available remedies before resorting to the *habeas corpus* remedy. Accordingly, we deem his claim waived and, therefore, affirm the PCRA court's order dismissing his petition on that basis. "To the extent our legal reasoning differs from the trial court's, we note that as an appellate court, we may affirm on any legal basis supported by the certified record." **Commonwealth v. Williams**, 125 A.3d 425, 433 n.8 (Pa. Super. 2015).

As Appellant has failed to successfully invoke any exception to the PCRA's timeliness restrictions, and because the issue raised in his *habeas* petition was waived, we conclude that the PCRA court's order dismissing his petition and related amendments was supported by the record and free of legal error.

Order **affirmed**.

Judge Stabile joins this opinion.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2018