**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL BARONI | : | |
| | : | |
| Appellant | : | No. 3593 EDA 2018 |

Appeal from the Order Dated October 31, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0000845-1982

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                              **FILED MAY 31, 2019**

Michael Baroni appeals from the order entered October 31, 2018, in the Delaware County Court of Common Pleas, denying his petition for writ of *habeas corpus*.[1]  Baroni seeks relief from the two concurrent sentences of life imprisonment imposed on April 7, 1983, following his jury conviction of two counts of second-degree murder and related offenses, in connection with the January 25, 1982 fire which took the lives of a three-month-old infant and her four-year-old sister. On appeal, Baroni argues (1) *habeas corpus* relief is the proper remedy for his claim, and (2) the trial court erred in finding he was not entitled to relief based on his assertion that that the statute under which he

---

[1] *See* 42 Pa.C.S.A. §§ 6501–6505.

was sentenced, 18 Pa.C.S.A. § 1102(b), is unconstitutionally vague. For the reasons below, we affirm.

As we write primarily for the parties, a detailed factual and procedural history is unnecessary. As noted above, a jury convicted Baroni of murder in the second degree and related offenses in 1982; the trial court sentenced him to two concurrent mandatory life sentences in 1983. This Court affirmed the judgment of sentence on March 22, 1985. *Commonwealth v. Baroni*, 494 A.2d 475 (Pa. Super. 1985) (unpublished memorandum). The Pennsylvania Supreme Court denied leave to appeal on October 4, 1985.

Since that time, Baroni has filed numerous petitions in both state and federal court in an attempt to overturn his conviction. Relevant to the instant proceeding, on September 5, 2018, this Court denied Baroni's eighth PCRA petition. *Commonwealth v. Baroni*, 198 A.3d 423 (Pa. Super. 2018) (unpublished memorandum). On September 24, 2018, Baroni filed the instant, *pro se* petition for a writ of *habeas corpus*. On October 31, 2018, the trial court denied the petition, and this timely appeal followed. The trial court did not order Baroni to file a concise statement of errors complained of on appeal.

On January 3, 2019, the trial court issued an opinion. In its opinion, the trial court stated that, if it deemed Baroni's pleadings to be a ninth PCRA petition, it lacked jurisdiction to consider it pursuant to the Pennsylvania Supreme Court's decision in *Commonwealth v. Lark*, 746 A.2d 585, 588

(Pa. 2000).[2]  Trial Court Opinion, 1/03/2019, at 1.  It further held that, if it treated the pleadings as a petition for a writ of *habeas corpus*, Baroni had waived his claim because he had not raised it at sentencing.  ***Id.*** at 2.

Preliminarily, we must determine whether we review Baroni's petition under the *habeas corpus* statute or under the PCRA.  Although the PCRA explicitly states it "shall be the sole means of obtaining collateral relief,"[3] "the privilege of the writ of *habeas corpus* has not been suspended in this Commonwealth" and is available "for the rare instance where the PCRA offers no remedy." ***Commonwealth v. West***, 938 A.2d 1034, 1043 (Pa. 2007).

In a recent decision, a panel of this Court addressed the same issue raised by Baroni, and held that a challenge to a sentencing statute as void for vagueness was appropriately addressed via a petition for a writ of *habeas corpus* rather than the PCRA.  ***See Commonwealth v. Smith***, 194 A.3d 126, 136-138 (Pa. Super. 2018).  In ***Smith***, this Court distinguished between constitutional challenges to a sentencing statute as void for vagueness and challenges to an illegal sentence under the PCRA, ***Id.***, and stated:

> [a]ppellant's void-for-vagueness claim is a sentencing issue that presents a legal question that is qualitatively distinct from the categories of illegal sentences recognized by our courts.  It does

---

[2] The ***Lark*** Court held "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." ***Lark***, ***supra*** at 588.

[3] 42 Pa.C.S.A. § 9542.

not challenge the sentencing court's authority or actions insomuch as it challenges the legislature's alleged failure. . . .

*Id.* at 138.

Thus, pursuant to **Smith**, we will evaluate Baroni's pleading as a petition for a writ of *habeas corpus* rather than a PCRA petition. In considering an order denying a petition for writ of *habeas corpus*, we must consider the following:

> Our standard of review of a trial court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason. As in all matters on appeal, the appellant bears the burden of persuasion to demonstrate his entitlement to the relief he requests.
>
> * * * *
>
> Accordingly, the writ may be used only to extricate a petitioner from illegal confinement or to secure relief from conditions of confinement that constitute cruel and unusual punishment.

**Rivera v. Pennsylvania Dep't of Corr**., 837 A.2d 525, 528 (Pa. Super. 2003), *appeal denied*, 857 A.2d 680 (Pa. 2004).

In **Smith**, we held that even though a defendant could raise a void for vagueness challenge to a sentencing statute in a petition for a writ of *habeas corpus* and, thus, it was not subject to the PCRA's timeliness requirement, the claim was subject to ordinary waiver analysis. **Id.** However, we held that the appellant had waived his sentencing challenge because, "[it] could have been raised at his sentencing hearing, or in a post-sentence motion, he failed to

exhaust all available remedies before resorting to the *habeas corpus* remedy."
***Id.***

Here, as the trial court correctly noted, Baroni did not raise this claim at sentencing or in a post-sentence motion. Trial Ct. Op., at 2. Thus, Baroni failed to exhaust all available remedies and waived his claim. ***Smith***, ***supra*** at 138.

Accordingly, we find no abuse of discretion on the part of the trial court in denying Baroni's petition for writ of *habeas corpus*.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/19

---

[4] Moreover, we agree with the trial court that if Baroni's petition was to be deemed a PCRA petition, the court lacked jurisdiction to review it pursuant to our Supreme Court's decision in ***Lark***, *supra*.