J-S75005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
LAWRENCE PEEL :
:
Appellant : No. 2393 EDA 2017

Appeal from the PCRA Order June 23, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005658-2010

BEFORE: PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.: **FILED JULY 1, 2019**

Appellant, Lawrence Peel, challenges the order entered in the Philadelphia County Court of Common Pleas, dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

We briefly recount the relevant facts and procedural history of this case. Following a bar fight with his girlfriend that culminated in a shootout with police, Appellant entered a guilty plea to two counts each of aggravated assault on a protected class member and assault on a law enforcement officer with a firearm, and one count each of carrying a firearm by a prohibited person, carrying a firearm without a license, carrying a firearm on a public street or public property in Philadelphia, and possessing an instrument of crime. The court deferred sentencing for a pre-sentence investigation report.

Before sentencing, Appellant obtained new counsel and filed a motion to withdraw his guilty plea. The court held a bifurcated hearing, and ultimately denied the motion. The court then imposed a sentence of 35½ to 71 years' incarceration. Appellant filed a motion to reconsider, which the trial court denied. Appellant filed a timely notice of appeal, and his judgment of sentence was affirmed by this Court. *See Commonwealth v. Peel*, 950 EDA 2012 (Pa. Super., filed Sept. 17, 2013) (unpublished memorandum). Appellant did not petition the Pennsylvania Supreme Court for allowance of appeal.

On December 23, 2014, Appellant filed a motion for transcripts. The record does not reveal any response to this request from the prothonotary or trial court. Appellant then filed this PCRA petition, his first, on April 9, 2015. The trial court appointed counsel, who filed an amended petition. In the amended petition, counsel acknowledged the untimeliness of the petition, but averred it should be considered timely filed due to governmental interference – here, the failure of the prothonotary to respond to Appellant's request for documents. The petition also alleged that previous counsel had failed to explain to Appellant the effect that *Alleyne v. United States*, 570 U.S. 99 (2013) could potentially have on his case, and that counsel ultimately abandoned Appellant.

The court issued notice of its intent to dismiss the petition, pursuant to Pa.R.Crim.P. 907. The Rule 907 notice observed that Appellant's petition was untimely filed, and did not invoke a valid exception to the PCRA's time bar.

The court ultimately dismissed the petition, and Appellant filed a timely notice of appeal.[1] This case is now properly before us.

On appeal, Appellant challenges the dismissal of his petition without a hearing. Specifically, Appellant contends he raised a valid argument regarding the ineffectiveness of sentencing and appellant counsel, for failure to advise him of the implications of *Alleyne*.

However, before reaching the merits of this claim, we must address our jurisdiction. Generally, the PCRA grants jurisdiction to hear a collateral attack on a conviction only if a petition is filed in the year after the judgment of sentence becomes final. *See Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012). The judgment of sentence is finalized when the petitioner's direct appeal rights have been exhausted. *See id*., at 17. After the expiration of the one-year period, a petitioner must plead and prove one of three enumerated exceptions to the time bar in order to establish jurisdiction under the PCRA. *See id*.

Appellant's judgment of sentence became final on October 17, 2013, when his time for filing a petition for allowance of appeal to the Pennsylvania Supreme Court expired. *See* Pa.R.A.P. 903(a). He therefore had until Friday,

---

[1] A timely notice of appeal must be filed within thirty days. *See* Pa.R.A.P. 903(a). Where, as here, the thirtieth day of the appeal period falls on a Saturday or Sunday, that day is properly omitted from the timeliness computation. *See* 1 Pa.C.S.A. § 1908. Thus, Appellant's notice of appeal, entered Monday, July 24, 2017, was timely filed.

October 17, 2014 to file his petition timely. His PCRA petition, filed April 9, 2015, is facially untimely.

In his petition, Appellant alleges he was never notified of the Superior Court's resolution of his direct appeal, and only discovered that his judgment of sentence had been affirmed in November 2014, two and a half years after filing his notice of appeal. Appellant believes this constitutes a newly discovered fact exception to the PCRA's time bar. He also cites the prothonotary's failure to respond to his motion for the production of transcripts as reason why he could not file his petition within the one-year time bar, under the governmental interference exception.

To qualify for the newly discovered fact exception to the PCRA's time bar, Appellant must establish that the facts upon which his claim is based were unknown to him, and could not have been ascertained by the exercise of due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii). Due diligence requires a showing of "reasonable efforts … to uncover facts that may support a claim for collateral relief." **Commonwealth v. Smith**, 194 A.3d 126, 134 (Pa. Super. 2018) (citation omitted). Instead, Appellant baldly alleges that he made "diligent failed efforts" to contact counsel regarding the outcome of his appeal, but declines to specify what any such efforts entailed or when they occurred. Appellant's PCRA Petition, filed 4/9/15, at 7. Appellant therefore failed to meet his burden to plead and prove that acted with due diligence in discovering the result of his appeal from his judgment of sentence.

- 4 -

Further, Appellant failed to file a PCRA petition contesting this alleged exception until several months after finally learning that his appeal had been unsuccessful – well outside the PCRA's then 60-day deadline for filing a petition alleging newly discovered facts. *See* 42 Pa.C.S.A. § 9545(b)(2) (expired December 23, 2018).

As for his claim that the prothonotary's failure to respond to his motion for transcripts constituted governmental interference, we find this patently frivolous. To demonstrate this timeliness exception, a petitioner is required to show "interference by government officials with the presentation of the claim in violation of the Constitution[.]" 42 Pa.C.S.A. § 9545(b)(1)(i). Appellant's motion for transcripts was dated December 16, 2014, *after* the one-year deadline for filing a timely PCRA petition. If the prothonotary had responded to Appellant's motion on the same day of receipt and Appellant had immediately filed his PCRA petition, that petition would have been untimely nevertheless. Thus, Appellant cannot show that the alleged governmental interference was the cause of his untimely filing. Given Appellant's failure to prove an exception to the jurisdictional time bar, the PCRA court properly dismissed his petition.

Moreover, even apart from the time bar, Appellant's *Alleyne* claim could not possibly succeed. In *Alleyne*, the Supreme Court of the United States held that sentencing factors used to support the imposition of a mandatory minimum sentence must be submitted to a jury for trial or admitted to by the defendant. *See* 570 U.S. at 103. Appellant believes he is due relief as his

sentence for assault of a law enforcement officer, 18 Pa.C.S.A. § 2702.1, violates the "spirit" of **Alleyne**. Appellant's Brief, at 8. However, Appellant concedes that 18 Pa.C.S.A. § 2702.1 does not impose a mandatory minimum sentence. **See** Appellant's Brief, at 11. Thus, **Alleyne** could not provide an avenue for PCRA relief in his case.

We conclude the PCRA court correctly found Appellant's petition untimely. We affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/19