J-S44028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER PATRICK MCGOWAN | : | |
| | : | |
| Appellant | : | No. 784 MDA 2022 |

Appeal from the PCRA Order Entered May 2, 2022
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001505-2016

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:        **FILED: APRIL 6, 2023**

Christopher Patrick McGowan appeals from the order denying his Post Conviction Relief Act ("PCRA") petition as untimely. *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A jury convicted McGowan of conspiracy to commit theft by deception. The court sentenced him to 30 to 60 months' incarceration. We affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal in September 2020. *See Commonwealth v. McGowan*, No. 896 MDA 2019, 2020 WL 524847 (Pa.Super. filed Jan. 31, 2020) (unpublished memorandum), *appeal denied*, 239 A.3d 8 (Pa. filed Sept. 15, 2020).[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] McGowan's PCRA petition asserted that the Supreme Court denied allowance of appeal on September 15, **2021**. The dockets show that is incorrect. The Supreme Court denied allowance of appeal on September 15, 2020.

On December 22, 2021, McGowan filed the instant counseled PCRA petition raising claims of ineffective assistance of counsel. He asserted that his PCRA petition was timely because "a final 'Memorandum and Order' of the Trial Court was filed on October 21st, 2021." Petition, filed 12/22/21, at 4.

The PCRA court issued Rule 907 notice of its intent to dismiss the petition without a hearing. *See* Pa.R.Crim.P. 907(1). In the notice, the court explained that McGowan's petition was patently untimely. The court also reasoned that no time-bar exception applied to overcome the timeliness requirement. It noted that McGowan did "not allege anything regarding any of the timeliness exceptions nor make any attempt to prove one of them" but instead alleged that his petition was timely filed. Order of Court, filed 4/1/22, at 2 (unpaginated).

Regarding the final "Memorandum and Order" to which McGowan referred, the court stated that it had reviewed it and determined that it was an order of the Commonwealth Court in "an entirely different case[.]" *Id.* at 2 n.1. It bore the caption, "Jeffrey Miles v. Clerk of Courts for the Court of Common Pleas in Franklin County and Inmate Accounts Department at the State Correction Institution in Forest, Pennsylvania[.]"[2] The court stated that "[a] simple inquiry into the filing would have made it readily apparent that it bears no relation to [McGowan's] case" and that "the docket sheet entry

---

[2] *See* 90 M.D. 2018 (Pa.Cmwlth. filed Oct. 19, 2020).

attached to the Petition plainly indicates it was filed by the Commonwealth Court[.]" *Id.*

McGowan did not respond to the Rule 907 notice. The court dismissed his petition, and he appealed. On appeal, he challenges the dismissal for untimeliness and raises three other claims that go to the merits of his PCRA petition.

In his first issue, McGowan maintains that the PCRA court erred in dismissing his PCRA petition as untimely. He argues that the date the judgment of sentence became final is "disturbed given clerical errors by the Lower Court, namely the misdating of higher court orders." McGowan's Br. at 11. He states that denial of allowance of appeal is listed in the electronic filing system, with a date of October 8, 2022. However, he concedes that "we now know it to be September 15th, 2020." *Id.* He also notes that the lower court listed an entry on the docket titled "Memorandum and Order," although he concedes that the entry was "erroneous." *Id.* He maintains that because nothing in the docket entry "signal[ed]" that it was unrelated to McGowan's case, and he could not access the filing electronically, "it was reasonable to rely on the Lower Court's administration and believe that they had entered the final judgment of the Higher Courts on October 8th, 2021 or October 22nd, 2021." *Id.*

When reviewing the denial of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling supported by the record and

free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

Under the PCRA, a petition for relief must "be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** at § 9545(b)(3). A petition filed more than one year after the one-year deadline may only be entertained where the petition pleads and proves at least one of the time-bar exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** at § 9545(b)(1)(i)-(iii). A petition raising one of the exceptions "shall be filed within one year of the date the claim could have been presented." ***Id.*** at § 9545(b)(2). Because the PCRA's time limit is jurisdictional in nature, a court

may not address the merits of an untimely PCRA petition. ***See Commonwealth v. Smith***, 194 A.3d 126, 132 (Pa.Super. 2018).

Here, McGowan's judgment of sentence became final on December 14, 2020, when his time to file a writ of *certiorari* with the United States Supreme Court expired. ***See*** U.S. Sup. Ct. R. 13(1) (a petition for writ of *certiorari* must be filed with 90 days from the order denying discretionary review). The one-year deadline therefore expired on December 14, 2021. McGowan filed the instant petition on December 22, 2021; it is facially untimely. McGowan therefore had to plead and prove at least one time-bar exception. McGowan did not plead any of the exceptions in his PCRA petition. As he failed to do so, the court committed no error in dismissing his petition as untimely.

On appeal, McGowan for the first time lays claim to the governmental interference exception. However, he waived this exception by not pleading it below. ***See*** Pa.R.A.P. 302(a). Moreover, his claim is based on the "Memorandum and Order." This erroneous filing and notation in no way interfered with McGowan's ability to assert his PCRA claims. It therefore is not a basis on which to assert the governmental interference exception. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i).

To the extent McGowan claims docket entries that he admits were erroneous changed the date his judgment became final, he is incorrect. Under the PCRA, the date of finality does not turn on a party's reasonable belief about when the judgment became final. It turns on the actual date on which direct review has concluded, or on which the time to seek such review ended.

**See** 42 Pa.C.S.A. § 9545(b)(1), (b)(3). As we affirm the dismissal for untimeliness, we do not address McGowan's remaining claims, which go to the merits of his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2023