J-S25011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN CORLISS | : | |
| | : | |
| Appellant | : | No. 19 EDA 2024 |

Appeal from the Order Entered December 4, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002173-2013

BEFORE:  DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 1, 2024**

Appellant, Justin Corliss, appeals *pro se* from the December 4, 2023 order entered in the Monroe County Court of Common Pleas denying his petition for a *writ* of *habeas corpus* which he based on challenges to the constitutionality of 18 Pa.C.S. § 3125 and 42 Pa.C.S. § 5552(c)(3).  After careful review, we affirm.

The relevant facts and procedural history are briefly as follows.  On June 1, 2016, a jury convicted Appellant of two counts of Aggravated Indecent Assault of a Child, 18 Pa.C.S. § 3125(b).  On October 7, 2016, the trial court sentenced Appellant to an aggregate term of nine to 18 years of incarceration.[1]  On December 8, 2017, this Court affirmed Appellant's

_____

[1] The court ordered this sentence to run consecutively to a 30- to 60-year sentence imposed at Docket No. 2173-2013.

judgment of sentence and our Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Corliss**, No. 108 EDA 2017 (Pa. Super. filed Dec. 8, 2017) (non-precedential decision), *appeal denied*, No. 176 MAL 2018 (Pa. filed Oct. 30, 2018). Appellant did not seek further relief from his judgment of sentence.

Appellant subsequently filed two petitions pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, neither of which garnered relief.

On December 4, 2023, Appellant filed the instant petition seeking a *writ* of *habeas corpus* based on his challenge to 18 Pa.C.S. § 3125 and 42 Pa.C.S. § 5552(c)(3) as unconstitutionally vague both facially and as applied. Petition, 12/4/23, at 1. In particular, he claimed that Section 3125—the Aggravated Indecent Assault statute—"fails to provide fair notice as to what behavior is unlawful" in that the statute and "fails to state with definiteness": (1) "that it is not intended to encompass acts designed to arouse or gratify sexual arousal"; (2) that the legislature designed it to "address conduct that results in serious bodily injury or the threat thereof"; (3) "that it is a 'crime of violence'"; (4) "that its culpability element is that of malice aforethought"; (5) "that persons found guilty of it are subject to sentencing reserved for the 'most violent offenders'"; and (6) "what conduct is proscribed such that persons of common intelligence must necessarily guess at its meaning and differ as to its application[.]" **Id.** at 2-3.

Appellant also claimed that Section 5552(c)(3), which sets forth the statute of limitations for certain sexual offenses, not including Aggravated Indecent Assault, "violates the *ex post facto* prohibitions of both the Commonwealth and the United States Constitutions." **Id.** 3-4. He specifically asserted that Section 5552(c)(3) "fails to state with definiteness": (1) "that it is, or is not, a tolling statute"; (2) "that it is, or is not, a pure statute of limitations, akin to [Section] 5552(a) or (b) as were in effect in 1997"; (3) "that it is, or is not, subject to rules specifically designed for pure statutes of limitations, such as 1 Pa.C.S.[] § 1975"; (4) "that it does, or does not, require some quantum of evidence to support its use"; (5) "that it is, or is not, subject to the prohibitions regarding extending or enlarging limitations found under [Sections] 1722 and [] 5504"; (6) "that it does not violate the Pennsylvania Constitution's guarantee of access to accrued legal remedies by invalidating a defense based on the expiration of the statute of limitations"; and (7) "that its application can, or cannot, be decided by a jury." **Id.**

That same day, the trial court entered an order denying Appellant's petition. With respect to Appellant's claim that the Aggravated Indecent Assault statute is unconstitutional, the trial court determined that because the statute does not require that a defendant acted in a violent manner when engaging in the conduct prohibited by it, nor with malice aforethought, Appellant "misinterpreted the statute." Order, 12/4/23, at 1. In rejecting Appellant's other contentions, including his claim that Section 5552(c)(3) is unconstitutional, the trial court "rel[ied] on prior opinions/orders and appellate

orders in this case regarding 18 Pa.C.S.[ §] 3125 and applicable case law."

*Id.* at 1-2.

On December 19, 2023, Appellant filed a motion to vacate the court's order denying his petition as "improvidently denied." The trial court denied Appellant's motion on January 2, 2024.

This timely appeal followed. Appellant complied with Pa.R.A.P. 1925. In response, the trial court filed a Rule 1925(a) opinion relying on its December 4, 2023 order.

*Pro se* Appellant raises the following issue for our review:

1. Whether the *habeas* court erred and abused its discretion when it obstructed litigation of [A]ppellant's *habeas* petition, averring as applied and facial challenges to statutes by:
   A. dismissing without a responsive pleading from the respondent party; and
   B. *sua sponte* obstructing this litigation to self-vindicate prior erroneous claims; and
   C. advocating for the executive branch of government; and
   D. acting outside the scope of his jurisdiction; and
   E. interposing erroneous interpretations that render statutes unconstitutionally vague, such as:
      (1) claiming that no violence or physical injury is required to commit aggravated indecent assault "crime of violence" where sentencing is reserved for the "most violent" offenders; and
      (2) claiming that reviving charges whose limitations period expired does not violate the *ex post facto* clause[?]

Appellant's Brief at 5.

## A.

When reviewing an order that denies habeas corpus relief, we face a pure question of law for which our standard of review is *de novo*, and our

scope of review is plenary. *Rivera v. Pa. Dep't of Corr.*, 837 A.2d 525, 528 (Pa. Super. 2003)

"*Habeas corpus* is an extraordinary remedy and is available after all other remedies have been exhausted or ineffectual or nonexistent. It will not issue if another remedy exists and is available." *Commonwealth v. Smith*, 194 A.3d 126, 138 (Pa. Super. 2018) (citation omitted).

**B.**

Before we address the merits of Appellant's claims, we consider whether he has preserved them for this Court's review. Constitutional claims not implicating the legality of a defendant's sentence are subject to waiver. *See id.* (finding the defendant's void-for-vagueness claim waived because the defendant did not raise it at his sentencing hearing, or in a post-sentence motion.); *Commonwealth v. Lawrence*, 99 A.3d 116, 124 (Pa. Super. 2014) (explaining that an *ex post facto* challenge presents a legal question that cannot be raised for the first time on appeal).

Following our review of the record, we conclude that Appellant has waived the claims raised in his petition seeking a *writ* of *habeas corpus* because he did not raise them at his sentencing hearing, in a post-sentence motion, or on direct appeal. We, therefore, affirm the PCRA court's order denying Appellant's petition.[2]

_____

[2] "To the extent our legal reasoning differs from the trial court's, we note that, as an appellate court, we may affirm on any legal basis supported by the certified record." *Smith*, 194 A.3d at 138 (citation omitted).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/1/2024