J-S64039-18 & J-S64040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY REID | : | No. 1925 EDA 2017 |

Appeal from the PCRA Order May 19, 2017
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0700081-1989

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| | : | |
| ANTHONY REID | : | |
| | : | |
| Appellant | : | No. 1928 EDA 2017 |

Appeal from the Judgment of Sentence January 21, 1993
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0700081-1989

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.: **FILED FEBRUARY 07, 2019**

In these consolidated appeals, Anthony Reid appeals from his 1993 judgment of sentence following the grant of Post Conviction Relief Act ("PCRA") relief, and the Commonwealth appeals from the order that granted Reid PCRA relief. We reverse the PCRA order at issue in the Commonwealth's appeal, and quash as untimely Reid's appeal from his judgment of sentence.

In 1990, Reid was convicted for the murder of Neil Wilkerson and sentenced to life imprisonment.[1] This Court affirmed Reid's judgment of sentence in 1993, and our Supreme Court denied his petition for allowance of appeal in 1994. *Commonwealth v. Reid*, 638 A.2d 270 (Pa.Super. 1993) (unpublished memorandum), *appeal denied*, 644 A.2d 734 (Pa. 1994). Reid's first and second PCRA petitions resulted in no relief. *Commonwealth v. Reid*, 832 A.2d 542 (Pa.Super. 2003) (unpublished memorandum), *appeal denied*, 845 A.2d 817 (Pa. 2004); *Commonwealth v. Reid*, 903 A.2d 51 (Pa.Super. 2006) (unpublished memorandum).

Reid filed a third PCRA petition on August 8, 2016. Therein he claimed, based upon the United States Supreme Court's decision in *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016), that his due process rights were violated because former Pennsylvania Supreme Court Justice Castille participated in the decision to deny Reid's petition for allowance of appeal although he previously had personal involvement in Reid's case when he was the District Attorney of Philadelphia County. PCRA Petition, 8/8/16, at 12. The PCRA court granted Reid's petition in part, directing that Reid's "direct appellate rights are hereby reinstated *nunc pro tunc*[.]" Order, 5/19/17. The order further provided that Reid had thirty days to file a notice of appeal to this Court. *Id*.

---

[1] Reid was sentenced to death for the 1988 murder of Mark Lisby in a separate case. *Commonwealth v. Reid*, 642 A.2d 453, 455 (Pa. 1994).

Reid filed his notice of appeal on June 15, 2017, purporting to appeal "from each and every aspect of his judgment of conviction and sentence of life imprisonment without the possibility of parole[.]" Notice of Appeal, 6/15/17. On June 19, 2017, the Commonwealth filed an appeal from the order granting Reid PCRA relief and a statement of errors complained of on appeal, contending, *inter alia*, that the PCRA court lacked jurisdiction to consider the merits of Reid's PCRA petition.

In Reid's brief in support of his appeal, Reid presents four questions raising challenges to evidentiary rulings made at trial and prosecutorial misconduct. Reid's brief at 1. The Commonwealth counters that the PCRA court did not grant Reid the right to file a new direct appeal to this Court as opposed to a new petition for allowance of appeal to our Supreme Court, and, if it did, it was improperly granted. Commonwealth's brief at 4.

We first determine whether the PCRA court had jurisdiction to grant Reid PCRA relief. We may consider issues of jurisdiction *sua sponte*, even when not addressed by the parties or the PCRA court. **See**, **e.g.**, **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa.Super. 2014).

Courts lack jurisdiction to rule upon the merits of untimely PCRA petitions. **See**, **e.g.**, **Commonwealth v. Lewis**, 63 A.3d 1274, 1280-81 (Pa.Super. 2013) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the

[PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545(b)(1). To invoke a timeliness exception, the petitioner further must plead and prove that "he filed his claims within 60 days of the date the claim could have been presented." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citing 42 Pa.C.S. § 9545(b)(2)). "[T]his 60–day rule requires a petitioner to plead and prove that the information on which his claims are based could not have been obtained earlier despite the exercise of due diligence." *Id*. at 346.

Appellant's judgment of sentence became final in 1994, and the instant PCRA petition was filed in 2016. Therein, Reid contended that his petition satisfied the timeliness exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i) and (ii).[2] *Id*.; PCRA Petition, 8/8/17, at 5-6. Specifically, he claimed that the government interfered with his ability to present the claim previously by mischaracterizing "District Attorney Castille's role in capital prosecutions and

---

[2] Those exceptions apply if the petitioner raises the claim within sixty days of the date the claim first could have been presented, and proves: (i) that government officials interfered with his raising the claim previously; or (ii) that the claim is based upon newly-discovered facts that could not have been discovered earlier through the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(i), (ii).

- 4 -

through their failure to disclose documents and information reflecting his actual role[.]" *Id*. at 5. Reid additionally contended that, "because the Supreme Court recently ruled that those mischaracterizations are not credible, the facts upon which this claim is predicated could not have been ascertained earlier by the exercise of due diligence." *Id*. Notably absent from Reid's allegations under either exception is any indication that he had inquired into Justice Castille's involvement in his case prior to the United States Supreme Court's decision in *Williams*, *supra*.

In *Williams*, the defendant was accused of committing murder in 1984, and then-District Attorney Castille authorized the prosecutors to seek the death penalty. *Williams*, *supra* at 1903. Williams was convicted and sentenced to death. In the course of later PCRA proceedings based upon allegations that the Commonwealth had suppressed exculpatory evidence related to a witness's undisclosed agreement with the prosecution to testify against Williams, Williams obtained the prosecution's file. The file contained a memorandum evidencing District Attorney Castille's death-penalty authorization.[3] *Id*. at 1904. The PCRA court granted relief in the form of a new sentencing hearing.

---

[3] It is important to note that, because the discovery of information in the prosecution's file occurred during the pendency of a timely PCRA petition, that information was not utilized by Williams to establish the PCRA court's jurisdiction.

The Commonwealth filed an application to vacate the stay of execution in our Supreme Court to which Justice Castille had been elected. Williams responded with a motion asking Justice Castille to recuse himself based upon his prior involvement in the case. Justice Castille refused to grant the motion or to refer it to the full Court for decision. The Court ultimately vacated the PCRA court's order and reinstated Williams's death sentence. *Id*. at 1904-05.

Williams appealed to the United States Supreme Court, claiming that his due process rights were violated by Justice Castille's adjudicating the petition to overturn his sentence after having made the decision as District Attorney to seek the death penalty. *Id*. at 1905. The High Court agreed with Williams, holding that "Justice Castille's significant, personal involvement in a critical decision in Williams's case gave rise to an unacceptable risk of actual bias." *Id*. at 1908.

The **Williams** case was decided on June 9, 2016. Reid filed the instant PCRA petition exactly sixty days later. At the same time, Reid filed a motion for discovery, citing **Williams**, and requesting disclosure of the types of documents discussed in the **Williams** decision. The Commonwealth moved to dismiss Reid's petition, and attached to its motion a 1990 document reflecting District Attorney Castille's approval of the request of the Deputy District Attorney of the Trial Division to seek the death penalty. Motion to Dismiss, 3/30/17, at Exhibit A. Reid then, with leave of court, filed an amended PCRA petition claiming that the newly-disclosed documents

supported his claim that the information had been "suppressed by the Philadelphia District Attorney's Office and by Mr. Castille for nearly three decades, and that these facts were unknown to and not ascertainable by [Reid] during that time, as they were in the exclusive control of the Commonwealth and never previously disclosed to [Reid] or his counsel." Amended PCRA Petition, 5/19/17, at 3.

Thus, it is clear that Reid made mere bald assertions of suppression of documents and the unascertainability of the facts underlying his claim without any factual allegations to support them.[4] Unquestionably, it was readily ascertainable that former District Attorney Castille was on the Supreme Court when it denied Reid's petition for allowance of appeal in 1994. Further, in his PCRA petition, Reid supports allegations of Justice Castille's pride in his record as the District Attorney of Philadelphia and his "enthusiasm for capital punishment" with citations to numerous 1993 newspaper articles. PCRA Petition, 8/8/16, at 13 n.1. Hence, Reid's petition demonstrates that he had reason to inquire into a potential conflict presented by Justice Castille's involvement in deciding whether to entertain discretionary review at the time it was decided. Yet, nowhere in his petition or amended petition did Reid claim that he had at any point prior to the filing of his 2016 PCRA petition requested

_____

[4] Of course, the **Williams** decision itself cannot be used by Reid to satisfy the newly-discovered-facts timeliness exception. **See Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011) ("[S]ubsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA.").

the documents that the Commonwealth produced when he finally did ask, or identify any "mischaracterizations" of Justice Castille that operated to dupe him in to declining to investigate any conflict.

Our Supreme Court has "repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies." **Edmiston**, **supra** at 346. To do so, he must plead and prove that "he filed his claims within 60 days of the date the claim could have been presented." **Id**. at 345. Furthermore, as to newly-discovered facts, while "[d]ue diligence requires neither perfect vigilance nor punctilious care," it does require "reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Commonwealth v. Smith**, 194 A.3d 126, 134 (Pa.Super. 2018) (internal quotation marks omitted).

Without averments of fact to even suggest that Reid made **any** efforts in the twenty-plus years prior to the filing of his petition to ascertain Justice Castille's potential conflict of interest due to his involvement in his case, let alone allegations that such attempts were thwarted by governmental interference, the PCRA court's determination that Reid satisfied a PCRA timeliness exception is unsupported by the record. As such, the PCRA court lacked jurisdiction to grant Reid relief in the form of partial reinstatement of his direct-appeal rights. Accordingly, we reverse the PCRA court's May 19, 2017 order granting Reid PCRA relief. **Accord Commonwealth v. Brown**, 111 A.3d 171, 178 (Pa.Super. 2015) (holding due diligence was not shown

where the petitioner had reason to suspect that Commonwealth witness who testified at trial had additional information about the crime, but the petitioner failed to elicit the information at trial and did not allege that he made attempts to contact the witness at any point after trial; thus, new information supplied *sua sponte* by the witness could not satisfy the newly-discovered facts timeliness exception).

It follows that, in the absence of a valid reinstatement of Reid's direct appeal rights, his appeal from his 1993 judgment of sentence is untimely and must be quashed. **See** Pa.R.Crim.P. 720(A) (providing notice of appeal from judgment of sentence must be filed within thirty days of the imposition of sentence or the denial of a timely post-sentence motion).

Order reversed in appeal at 1925 EDA 2017. Appeal at 1928 EDA 2017 quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/19