J-S74038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QUINN WILLIAMS | : | |
| | : | |
| Appellant | : | No. 3030 EDA 2017 |

Appeal from the PCRA Order Entered August 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1201401-1980

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED MARCH 21, 2019**

Quinn Williams appeals from the trial court's denial of his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Williams maintains that the trial court should have granted his PCRA petition based on the holding in ***Miller v. Alabama***, 567 U.S. 460 (2012) or should have granted him an evidentiary hearing regarding his claim. We affirm.

On October 29, 1980, Williams was involved in the robbery and shooting death of James Healy in Philadelphia. On April 22, 1981, a jury convicted him of second-degree murder, robbery, and criminal conspiracy. The trial court, on December 2, 1981, sentenced him to a mandatory term of life imprisonment without parole for the second-degree murder conviction and five to ten years for the criminal conspiracy conviction, to be served concurrently. Williams filed a direct appeal and this Court affirmed his

judgment of sentence on November 4, 1983. The Pennsylvania Supreme Court denied allocator.

On April 30, 1991, Williams filed a *pro se* PCRA petition. Appointed counsel filed a **Turner/Finley**[1] no-merit letter and the PCRA court ultimately dismissed the petition on June 1, 1993. Williams did not file an appeal but did file a second *pro se* PCRA petition in 1995. The PCRA court dismissed Williams second petition as untimely, this Court affirmed the dismissal, and the Pennsylvania Supreme Court denied allocator.

Williams filed the instant *pro se* PCRA petition, his third, on February 16, 2016. In July 2017, the PCRA court issued notice of intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. After Williams filed a response, the PCRA court dismissed the petition as untimely on August 21, 2017. The instant timely appeal followed.

Williams raises the following issues for review:

1. Whether in reviewing the [propriety] of PCRA Court's dismissal of [Williams] third-PCRA filing, it was an abuse of discretion for the PCRA court to determine that it was untimely. . . where the petition was timely filed under title 42 PA.C.S.A. 9545(b)(1)(iii) and 9545(b)(2) where [Williams] established an after discovered constitutional right, that is retroactive?

2. Whether the PCRA court erred and denied [Williams] his federal and state constitutional rights to due process of law by dismissing [Williams's] third-PCRA petition without conducting an evidentiary hearing and appointment of counsel…where [Williams']claims

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

raised questions of disputed facts regarding the timeliness of his PCRA petition?

Williams' Br. at 4.

We begin by noting that when this Court reviews the denial of PCRA relief, "our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Williams*, 196 A.3d 1021, 1026-27 (Pa. 2018) (quotation omitted). Further, while the PCRA court's credibility determinations, when supported by the record, are binding on this Court, the PCRA court's legal conclusions are subject to a *de novo* standard of review. *Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013).

In his two interrelated issues presented on appeal, Williams claims that the trial court erred by concluding that his PCRA petition was untimely. Indeed, as a prefatory matter, we must determine whether Williams' petition is timely because "the PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition." *Commonwealth v. Smith*, 194 A.3d 126, 132 (Pa.Super. 2018).

A petitioner seeking post-conviction relief must file a petition within one year of the petitioner's judgment of sentence becoming final. *Id.*; *see also* 42 Pa.C.S.A. 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). A court

does not have jurisdiction to entertain a petition filed after the one-year time-bar unless the petitioner pleads and proves one of the time-bar exceptions. The exceptions include:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this Section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner claiming one of these exceptions must file the petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[2]

In this case, Williams' judgment of sentence became final on December 18, 1984, after the Pennsylvania Supreme Court denied allocator and the time period for filing a petition for writ of *certiorari* in the United States Supreme Court expired. **See** 42 § 9545(b)(3); former U.S. Sup. Ct. R. 20. Thus, the

---

[2] The Pennsylvania Legislature amended Section 9545(b)(2) on December 24, 2018, to extend the time of filing to one year. However, the amendment applies only to claims raised one year prior to the amendment or thereafter. **See** 42 Pa.C.S.A. § 9545(b)(2). Here, the amendment does not apply since Williams filed his petition more than a year before the amendment.

instant petition, filed more than 30 years after Williams' judgment of sentence became final, is patently untimely.

Accordingly, Williams must plead and prove at least one of the exceptions to the PCRA's time-bar. In his PCRA petition, Williams invokes the third exception, regarding a newly enacted constitutional right that applies retroactively, by citing to **Miller**, which held that it was unconstitutional to sentence a juvenile to mandatory life imprisonment without parole. **See** PCRA Petition, filed February 16, 2016, at 8. Moreover, the United States Supreme Court in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), concluded that **Miller** "announced a substantive rule that is retroactive in cases on collateral review." **Montgomery**, 136 S.Ct. at 732. However, **Miller** and **Montgomery** are inapposite in this case because Williams was eighteen years old, and therefore not a juvenile, at the time he committed the crime at issue. **See Commonwealth v. Rodriguez**, 174 A.3d 1130, 1147 (Pa.Super. 2017)(holding **Miller** not applicable when the appellant was eighteen at the time of the crime).

Moreover, although Williams concedes that he was eighteen at the time of the crime in his PCRA petition by arguing that **Miller** should also apply to appellant's who were eighteen or older at the time of their crime, on appeal he claims, for the first time, that he was only seventeen when he committed the crime. As such, he asserts that the PCRA court erred by declining to grant him an evidentiary hearing regarding the "material fact" of his age at the time of the crime. However, Williams raises the subject of his chronological age for

the first time on appeal. Therefore, the issue of his age is waived for purposes of this appeal pursuant to Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Therefore, Williams' argument that **Miller** applies to his case does not warrant relief and thus his bid to plead and prove the third exception to the PCRA's time-bar fails. Accordingly, we conclude that the PCRA court lacked jurisdiction to consider Williams' petition and did not abuse its discretion by dismissing his third PCRA petition as untimely. **See Smith**, 194 A.3d at 132.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/21/19