J-S19012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAWRENCE T. RHOADES | : | |
| | : | |
| Appellant | : | No. 1363 EDA 2019 |

Appeal from the PCRA Order Entered April 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0904771-1990

BEFORE:  BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                        Filed: May 7, 2020

Lawrence T. Rhoades appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

When he was 22 years old, Appellant took Cassandra Trotter to his grandparent's house, had sex with her, stabbed her to death, and stole $5 from her.  Appellant was convicted of first-degree murder and other crimes and was sentenced to life imprisonment without the possibility of parole ("LWOP") in 1993.  Appellant's first direct appeal resulted in the grant of a new trial.  ***See Commonwealth v. Rhoades***, 648 A.2d 1236 (Pa.Super. 1994) (unpublished memorandum).  Appellant was again convicted of first-degree murder and sentenced to a mandatory term of LWOP in January 1996, and this Court affirmed.  ***See Commonwealth v. Rhoades***, 698 A.2d 110 (Pa.Super. 1997) (unpublished memorandum), *appeal denied*, 695 A.2d 785 (Pa. 1997).

On August 24, 2012, Appellant filed a *pro se* PCRA petition invoking the United States Supreme Court's decision in **Miller v. Alabama**, 567 U.S. 460, 465 (2012) (holding that mandatory LWOP sentences "for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"). The court took no action on the petition until 2017, when it ordered the appointment of counsel. Counsel entered an appearance in February 2018, and filed an amended petition claiming that **Miller**'s invalidation of mandatory LWOP sentences for juveniles must be extended to all persons who were under the age of twenty-five when they committed their crimes. **See** Amended PCRA Petition, 11/20/18, at 2-3.

The PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. Appellant filed no response, and the PCRA court dismissed the petition by order of April 9, 2019. Appellant filed a timely appeal. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, but did author an opinion pursuant to Pa.R.A.P. 1925(a). Appellant presents the following questions for this Court's consideration: "Did the PCRA court err when it dismissed [Appellant]'s amended PCRA petition without holding a hearing?" Appellant's brief at 3 (unnecessary capitalization omitted).

Although the trial court dismissed the petition as lacking in merit, our first task is to determine whether Appellant's PCRA petition was timely filed, as the timeliness of a post-conviction petition is jurisdictional, and may be

raised by this Court *sua sponte*.[1]  **See**, **e.g.**, **Commonwealth v. Beatty**, 207 A.3d 957, 961 (Pa.Super. 2019) ("Even where the PCRA court does not address the applicability of the PCRA timing mandate, this Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief." (cleaned up)). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date that the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.  **See** 42 Pa.C.S. § 9545.  "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015).

Appellant's petition is facially untimely: his judgment of sentence became final in 1997.  Furthermore, this Court's decision in **Commonwealth v. Lee**, 206 A.3d 1 (Pa.Super. 2019) (*en banc*), forecloses a claim that Appellant's petition is capable of satisfying the timeliness requirements of the

---

[1] "This Court may affirm a PCRA court's decision on any grounds if the record supports it." **Commonwealth v. Smith**, 194 A.3d 126, 132 (Pa.Super. 2018) (internal quotation marks omitted).

PCRA. In **Lee**, this Court recognized Appellant's argument that the principles and science underlying the **Miller** holding are not limited to juveniles, but also extend to young adults. **See Lee**, **supra** at 10. Nonetheless, we indicated that questions of who qualifies as a juvenile and whether **Miller** should apply to immature people who were over eighteen when they committed their murders "are better characterized as questions on the merits, not as preliminary jurisdictional questions under section 9545(b)(1)(iii)." **Id**. We acknowledged that, no matter how compelling the argument that the rationale behind the **Miller** decision may apply to people beyond the age of majority, "we find it untenable to extend **Miller** to one who is over the age of 18 at the time of his or her offense for purposes of satisfying the newly-recognized constitutional right exception in section 9545(b)(1)(iii)." **Id**.

Appellant may believe that **Lee** was wrongly decided, and he is free to seek review of his claims in our Supreme Court. However, under the existing law, Appellant's PCRA petition was untimely filed, and this Court must affirm its dismissal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/20