J-S30027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACK E. ALLEN | : | |
| | : | |
| Appellant | : | No. 1740 WDA 2019 |

Appeal from the PCRA Order Entered October 18, 2019
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000738-1995

BEFORE: MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 18, 2020**

Jack E. Allen appeals *pro se* from the order dismissing his Post Conviction Relief Act ("PCRA") petition as untimely. **See** 42 Pa.C.S.A. §§ 9541-46. We affirm.

In 1996, a jury convicted Allen of first-degree murder for the shooting death of his wife, and the trial court sentenced him to life imprisonment. On a *nunc pro tunc* direct appeal, we vacated the judgment of sentence and remanded for a new trial. **Commonwealth v. Allen**, 895 A.2d 644 (Table) (Pa.Super. 2006). He went to trial the second time in 2006, and a jury again convicted him of first-degree murder, and the trial court imposed a life sentence. We affirmed the judgment of sentence. **Commonwealth v. Allen**,

_____

[*] Former Justice specially assigned to the Superior Court.

959 A.2d 456 (Table) (Pa.Super. 2008), *appeal denied*, 959 A.2d 927 (Table) (Pa. filed October 14, 2008).

Allen then filed his first PCRA petition in 2011 which the PCRA court denied. Allen proceeded to file several PCRA petitions all of which were denied. Allen filed the instant PCRA petition, entitled "Motion for New Trial," on June 2, 2019. **See** Motion for New Trial, filed 6/2/19. The PCRA court issued a notice of intent to dismiss the petition and eventually denied the petition. This timely appeal followed.

Allen raises the following issues before this court:

> 1) WAS [ALLEN'S] CONSTITUTIONAL RIGHTS VIOLATED BY THE COMMONWEALTH COURTS, AS WELL AS, THE TRIAL COURT UP FRONT?
>
> 2) DOES DNA TESTING OR EXAMINATIONS OF BLOOD SAMPLES PLAY A VITAL ROLE IN [ALLEN'S] CASE, AS WELL AS, TESTING AND OTHER EXAMINATIONS OF [ALLEN'S] WIFE[']S CORPSE WHEN EXHUMED?
>
> 3) IS THERE SUCH FALSIFIED RECORDS AND INFORMATION GIVEN CONSTITUTING A CRIME AMONGST COURTROOM OFFICIALS, AND FOR PERSONAL GAIN?
>
> 4) WAS THERE IN ALL, SUCH FALSE IMPRISONMENT OF [ALLEN] BY AND THROUGH SUCH PERJURY OF WITNESSES OF THE PROSECUTION IN WHICH THE TRIAL COURT ABUSED ITS DISCRETION ALLOWING SUCH STATEMENTS TO STAND?
>
> 5) WAS THERE SUCH PLAIN ERRORS; CONSTITUTIONAL ERRORS; AND MANY ERRORS OF THE TRIAL COURT WHERE PA RULES OF COURT WERE NOT FOLLOWED UNDER CRIMINAL PROCEDURES; PCRA PROCEDURES; APPELLATE PROCEDURES?

6) IS [ALLEN] INNOCENT OF THE CRIME CHARGED, AND SHOULD THERE BE A LESSER INCLUDED OFFENSE INDUCED, OR AN ACQUITTAL?

7) WAS THERE A MANIFEST AND A SUBSTANTIAL DENIAL OF THE RIGHT TO AN ATTORNEY OF CHOICE, OR THE EFFECTIVE ASSISTANCE OF COUNSEL FOR TRIAL PURPOSES AT CRITICAL STAGES OF ALL PROCEEDINGS, INCLUDING TRIAL?

8) WAS THERE A DEFINATE [sic] "ABANDONMENT" OF COURT APPOINTED COUNSELS IN SUCH FAULTY REPRESENTATION CONCERNING APPEALS; PCRAS, AND AT TRIAL CONCERNING THE PUBLIC DEFENDERS WHOSE DUTIES FELL BELOW PROFESSIONAL STANDARDS AND VIOLATED THE RULES OF PROFESSIONAL CONDUCT?

9) WAS THERE A JUROR, NAMED RICK LONG, WHO BY THE RECORDS AND IN WHICH DID REFLECT THAT HE WAS BIASED, AND PREJUDICED,AND HAD ILL - WILL TOWARDS [ALLEN] DURING TRIAL WHEN KNOWING HIS BROTHER WAS KILLED AND MURDERED AND VIEWED [ALLEN] AS A KILLER PUTTING GUILT ALREADY IN HIS MIND SET ON GUILT?

10) SHOULD THE TRIAL JUDGE AMMERMAN BEEN RECUSED FROM [ALLEN'S] TRIAL AND OTHER PROCEEDINGS BASED UPON SUCH BIASNESS, PREJUDICES: IMPROPRIETIES, AND ILLWILL TOWARDS [ALLEN]?

11) SHOULD THERE BEEN A CHANGE OF VENUE AND VENIRE IN ANOTHER COUNTY, OR OTHER COUNTIES NOT ADJACENT TO CLEARFIELD COUNTY?

12) DOES MITIGATING CIRCUMSTANCES OUTWEIGH AGGRAVATING CIRCUMSTANCES BRINGING ON A LESSER INCLUDED OFFENSE[?]

13) DOES DOUBLE JEOPARDY PLAY A ROLE IN THIS CASE AT HAND, WHERE [ALLEN] WAS TRIED TWICE FOR THE SAME CRIMINAL ACT OR OFFENSE WITHOUT PROOF OF ALL ELEMENTS OF THE CRIME CHARGED?

14) WAS [ALLEN'S] RIGHTS TO PSI'S; ALLOCUTION; SPEEDY TRIAL RIGHTS VIOLATED UNDER THE FIRST AND FOURTEENTH AMENDMENTS, U.S. CONSTITUTION, AS

WELL AS, APPELLATE RIGHTS TO FILE AN APPEAL TO THE SUPERIOR COURT OF SUCH DENIAL?

15) WAS THERE SUCH "CAUSE AND PREJUDICE" SHOWN LEADING TOWARDS A "MISCARRIAGE OF JUSTICE", AND WHERE INNOCENCE OF [ALLEN] IS SHOWN THROUGHOUT THIS CASE AT HAND?

Allen's Br. at 4-5.

Upon a challenge to the denial of PCRA relief, we determine whether the PCRA court's conclusions are supported by the record evidence and free of legal error. *Commonwealth v. Burton*, 121 A.3d 1063, 1067 (Pa.Super. 2015). Our standard of review of the legal determinations of a PCRA court is *de novo*. *Id.*

Allen's petition was untimely and we therefore do not address the merits of his PCRA petition. *See Commonwealth v. Smith*, 194 A.3d 126, 132 (Pa.Super. 2018). Any petition seeking PCRA relief must be filed within one year after the petitioner's judgment of sentence becomes final unless at least one of three statutory exceptions applies. 42 Pa.C.S.A. § 9545(b). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3). Additionally, after the judgment of sentence has become final, motions filed that raise issues "that can be addressed under the PCRA is to be treated as a PCRA petition." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa.Super. 2013) (restating conclusion that "any motion filed after the finality of a sentence" should be treated as a PCRA petition if the

- 4 -

issues raised in the motion fall under the PCRA). The timeliness of a PCRA petition is jurisdictional in nature. Thus, if a PCRA petition is untimely, neither an appellate court nor the trial court has jurisdiction over the petition. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

A petition filed beyond the one-year deadline must satisfy at least one of the PCRA time-bar exceptions. These exceptions are: (1) governmental interference in raising the claim, (2) newly discovered facts that could not have been discovered with due diligence or (3) a newly recognized constitutional right that has been recognized to apply retroactively. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner raising a time-bar exception must file the petition within one year from the time the petitioner could have first claimed the exception. *Id.* at § 9545(b)(2).

Here, Allen's judgment of sentence became final on January 16, 2009, when his time to appeal to the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13.1. One year after that date was a Saturday, giving Allen until the following Monday, January 18, 2010, to file a timely PCRA petition. *See* 1 Pa.C.S.A. § 1908. Thus, the instant petition, which Allen filed in 2019, is facially untimely and Allen bore the burden of pleading and proving at least one of the time-bar exceptions. *See Taylor*, 65 A.3d at 466. Allen did not address timeliness in his PCRA petition or attempt to raise one of the time-bar exceptions. He fails to do so even on appeal. Because his petition was filed more than nine years after his judgment of sentence became final, and he did

not plead a time-bar exception in his PCRA petition, the PCRA court did not err in dismissing Allen's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2020