J-A21045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ALAN PRESBURY | : | |
| Appellant | : | No. 1897 EDA 2021 |

Appeal from the PCRA Order Entered August 12, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0525482-1993

BEFORE:    LAZARUS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED MARCH 6, 2023**

Alan Presbury (Appellant) appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, denying as untimely his serial Post Conviction Relief Act[1] (PCRA) petition. In 1994, Appellant was found guilty by a jury of first-degree murder[2] and related offenses. He now avers Philadelphia investigating detectives coerced false confessions by assaulting him and his co-defendant, the Commonwealth committed a ***Brady*** violation[3]

---

[1] 42 Pa.C.S. §§ 9541-9545.

[2] 18 Pa.C.S. § 2502(a).

[3] ***See Brady v. Maryland***, 373 U.S. 83 (1963).

by knowingly withholding this information, and the PCRA court erred in requiring him to show he exercised due diligence. We affirm.

Preliminarily, we note the certified electronic record, transmitted to this Court on appeal, is incomplete. The earliest-filed document is a May 13, 1993, Municipal Court order, directing that all charges be held for court, but the next document is a March 22, 2005, notice of appeal from the denial of a serial PCRA petition. No transcripts were included. Nevertheless, both the record and the trial docket — which is similarly truncated — include the underlying PCRA petition, the PCRA court's disposal of it, and the present notice of appeal. After review of Appellant's arguments on appeal, we determine the record is sufficient for our limited review of the present order denying his PCRA petition.

In January of 1993, Appellant and co-defendant Maurice Revels (Co-Defendant) pursued and fatally shot the victim, Brian Moore. In March of 1994, a jury found both defendants guilty of first-degree murder, conspiracy, possessing an instrument of crime, and carrying a firearm without a license.[4]

On May 16, 1996, following a penalty hearing, the trial court imposed on Appellant an aggregate sentence of life imprisonment without parole. On direct appeal, this Court affirmed the judgment of sentence on September 21,

---

[4] 18 Pa.C.S. §§ 903, 907, 6106.

1995, and the Pennsylvania Supreme Court denied allowance of appeal on April 24, 1996.[5]

Appellant filed a first PCRA petition, timely, in February of 1997. Counsel was appointed, and the PCRA court denied relief. This Court affirmed, and our Supreme Court denied allowance of appeal.[6] Subsequent PCRA petitions were denied on the grounds they were untimely filed.[7]

Appellant filed the instant PCRA petition, possibly his fourth, *pro se*, on September 16, 2019. He acknowledged it was filed outside the general one-year filing period,[8] but nevertheless claimed prosecutorial misconduct at trial and prior counsel's ineffectiveness.[9]

_____

[5] *Commonwealth v. Presbury*, 665 A.2d 825 (Pa. Super. 1995), *appeal denied*, 822 E.D.Alloc. 1995 (Pa. Apr. 24, 1995).

[6] *Commonwealth v. Presbury*, 1327 PHL 98 (unpub. memo.) (Pa. Super. May 13, 1999), *appeal denied*, 397 E.D.Alloc. 1999 (Pa. Oct. 14, 1999).

[7] *Commonwealth v. Presbury*, 986 EDA 2005 (unpub. memo.) (Pa. Super. Feb. 24, 2006), *appeal denied*, 278 EAL 2006 (Pa. Sept. 27, 2006); *Commonwealth v. Presbury*, 2193 EDA 2000 (unpub. memo.) (Pa. Super. Mar. 12, 2001).

[8] *See* 42 Pa.C.S. § 9545(b)(1).

[9] Specifically, Appellant averred: (1) trial counsel was ineffective for not moving for a mistrial, when the trial court sustained a defense objection to an unidentified witness' testimony that Appellant's father was in prison; (2) appointed counsel for his first PCRA petition failed to raise trial counsel's and direct appeal counsel's ineffectiveness, and this failure was after-discovered fact of a violation of Appellant's Sixth Amendment rights; and (3) at trial, the prosecutor improperly expressed their personal opinion that Appellant was guilty. On appeal, Appellant has abandoned these claims.

Next, on April 30, 2020, Appellant filed a motion to amend and/or supplement the PCRA petition. This motion: (1) invoked, without further explanation, the governmental interference and newly discovered fact PCRA timeliness exceptions; and (2) alleged the two lead detectives in his case, Detective Devlin and Detective Worrell,[10] forcibly coerced false confessions; (3) the Philadelphia District Attorney's office knowingly withheld this information from the defense;[11] and (4) Appellant learned of this "fact" "by way of [a] 8/30/19 PCRA petition [filed in] *Com. v. Veasy*, CP-51-CR-641521-1992, received through Smart Communications, Reference Number 1510969." Appellant's Pa.R.Crim.P. Rule 905 Motion to Amend and/or Supplement PCRA Petition, 4/30/20, exh. Motion for Post Conviction Collateral Relief, at 3.

---

[10] Throughout the pleadings and the appellate brief, Appellant has not provided the detectives' first names.

[11] Although this pleading did not cite the *Brady* decision, Appellant's later filings referred to it. Our Supreme Court has explained:

> [T]o establish a *Brady* violation, a defendant must show that: (1) evidence was suppressed by the state, either willfully or inadvertently; (2) the evidence was favorable to the defendant, either because it was exculpatory or because it could have been used for impeachment; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant. . . .

*Commonwealth v. Williams*, 168 A.3d 97, 109 (Pa. 2017) (citations omitted).

On June 17, 2021, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the PCRA petition without a hearing. The court determined Appellant failed to meet the government interference exception. Specifically, the court found: (1) Appellant's allegations were "extremely vague[;]" (2) he "failed to set forth any specific information or evidence [demonstrating] what alleged misconduct was committed by [the] detectives in [**this**] case[;]" and his mere reference, to a PCRA petition purportedly filed in another criminal matter and obtained through "Smart Communications," did not establish he exercised due diligence. Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 6/17/21, at 1-2 (Rule 907 Notice).

Appellant filed a *pro se* response, first arguing the PCRA court improperly grafted a due-diligence requirement onto a claim of a ***Brady*** violation. Appellant's Response to Court's Pa.R.Crim.P. Rule 907 Notice to Dismiss & Rule 905 Motion to Amend PCRA Petition, 7/7/21, at 3 (907 Response). Appellant further reasoned that as he has been imprisoned since 1993, there was no possibility he could have obtained the "exculpatory and impeaching material evidence" that has been "secreted away in the D.A[.]'s office."[12] ***Id.*** at 4. Second, Appellant claimed, for the first time, that Detectives Devlin and Worrell physically assaulted **him** and Co-Defendant,

---

[12] Here, Appellant also cited, for the first time, a "2021 PBS documentary, 'Philly D.A.,'" which showed the Commonwealth's history of corruption. Appellant's 907 Response at 4.

which forced Co-Defendant to falsely implicate Appellant in the charges. *Id.* at 6. In support, Appellant cited the trial testimony by his girlfriend, that she saw Co-Defendant had a bloodied face and swollen mouth "as he was being escorted from an interrogation room."[13] *Id.*

The PCRA court dismissed the PCRA petition on August 12, 2021, and Appellant filed a timely appeal.[14]

On appeal, Appellant avers the PCRA court erred in rejecting his invocation of the governmental interference and newly-discovered fact exceptions. In support, he reiterates the various arguments set forth in his response to the court's Rule 907 notice. Appellant also cites ***Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020), and ***Commonwealth v. Burton***, 158 A.3d 618 (Pa. 2017), which overruled prior precedent holding the public record presumption (under which a matter of public record cannot be "unknown" to a petitioner) applied to *pro se* inmates. Appellant's Brief at 13. We conclude no relief is due.

We first consider the relevant standard of review:

> Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. The scope of our review is limited to the findings of the

---

[13] Without the inclusion of the trial transcript in the certified record, we cannot verify this testimony.

[14] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court. . . .

*Small*, 238 A.3d at 1280 (citations omitted).

"Any PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). [T]he PCRA's timing provisions [are] jurisdictional in nature, and no court may entertain an untimely PCRA petition." *Small*, 238 A.3d at 1280 (some citations omitted). Appellant acknowledges the instant petitions were filed beyond the general one-year time bar. Thus, we review his reliance on the governmental interference and newly-discovered fact exceptions. Those exceptions apply when:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or . . . the United States; [or]

(ii) the facts upon which the claim is predicated were unknown to the petitioner and **could not have been ascertained by the exercise of due diligence**[.]

42 Pa.C.S. § 9545(b)(1)(i)-(ii) (emphasis added).

This Court has explained:

"Although a ***Brady*** violation may fall within the governmental interference exception, the petitioner must plead and prove that the failure to previously raise these claims was the result of interference by government officials, and that the information **could not have been obtained earlier with the exercise of due diligence**."

*Commonwealth v. Smith*, 194 A.3d 126, 133 (Pa. Super. 2018) (citation omitted & emphasis added).

- 7 -

Furthermore, the Pennsylvania Supreme Court has recognized "the newly discovered fact exception is limited by a presumption relating to matters of public record, pursuant to which a court may find that information available to the public is not a fact that is 'unknown' to the petitioner." *Small*, 238 A.3d at 1271. In *Burton* and *Small*, however, the Court held this presumption does not apply when the petitioner is a *pro se* inmate. *See id.* at 1286; *Burton*, 158 A.3d at 638. Nevertheless, that a *pro se* petitioner may be relieved of the public record presumption does not mean they will necessarily prevail on the merits. *See Small*, 238 A.3d at 1271.

First, we reiterate Appellant's April 30, 2020, supplemental or amended petition averred only that Detectives Devlin and Worrell generally engaged in a practice of forcibly coercing false confessions. In its Rule 907 notice, the PCRA court aptly pointed out Appellant "failed to set forth any specific information or evidence that" the detectives committed misconduct in **this** case. *See* Rule 907 Notice at 2. We thus agree with the court's summation that Appellant's claim was vague. *See id.*

It is only in his response to the Rule 907 notice that Appellant claimed, for the first time, that the detectives assaulted **him**, as well as Co-Defendant, in an effort to coerce their false statements. Appellant provides no explanation why he did not raise this claim in the underlying PCRA petition, and we determine it is waived. *See* Pa.R.Crim.P. 902(B) ("Failure to state . . . a

ground [for relief] in the [PCRA] petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief.").[15]

In any event, we reject Appellant's contention that he only recently discovered — he still has not identified a particular date when — the detectives' misconduct. Appellant ignores his own claim that the detectives allegedly assaulted him and Co-Defendant, and his own reference to his girlfriend's purported trial testimony that Co-Defendant had visible injuries immediately following his interrogation. Thus, Appellant cannot show the detectives' alleged practice was unknown to him.

Finally, we reject Appellant's repeated insistence that the PCRA court erred in considering whether he acted with due diligence. Appellant's premise, that due diligence is not relevant to a **Brady** claim, is mistaken. He ignores that the PCRA court was reviewing the applicability of the governmental interference and newly-discovered fact exceptions — both of which clearly require a petitioner to show they could not have earlier obtained the relied-upon information through due diligence. **See** 42 Pa.C.S. § 9545(b)(1)(ii); **Smith**, 194 A.3d at 133.

_____

[15] Recently, our Supreme Court held "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise **claims of PCRA counsel's ineffectiveness** at the first opportunity to do so, even if on appeal." **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (emphasis added & footnote omitted). Here, however, Appellant does not raise any claim of PCRA counsel's ineffectiveness, and in any event, he had no counsel for the underlying PCRA petition.

For the foregoing reasons, we conclude the record supports the PCRA court's finding that Appellant's PCRA petition was untimely filed. ***See Small***, 238 A.3d at 1280. Accordingly, we affirm the underlying order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/2023