J-S25025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                PENNSYLVANIA
:
v.                          :
:
:
BRIAN E. GRIFFIN            :
:
Appellant        :    No. 2827 EDA 2023

Appeal from the PCRA Order Entered October 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0708072-1987

BEFORE:  DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED OCTOBER 28, 2024**

Brian E. Griffin appeals, *pro se*, from the order denying his fifth Post

Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. We

affirm.

We previously summarized the facts and procedural history of this case.

> In 1987, when he was 19 years old, Griffin and an
> accomplice firebombed a home in Philadelphia, killing one of
> the residents. On October 31, 1988, following a bench trial,
> the trial court found him guilty of murder in the first degree,
> arson, aggravated assault, conspiracy, and possessing an
> instrument of crime. The court sentenced him to a
> mandatory term of life imprisonment without the possibility
> of parole for murder in the first degree.

***Commonwealth v. Griffin***, No. 3360 EDA 2017, 2019 WL 4415156, at *1

(Pa.Super. filed Sept. 16, 2019). This Court affirmed on direct appeal, and the

Pennsylvania Supreme Court denied allowance of appeal in 1991.

In April 2021, Griffin filed the instant *pro se* PCRA petition, his fifth, claiming a **Brady**[1] violation. **See** Petition for Relief Under the Post Conviction Relief Act, filed 4/19/21 ("PCRA Petition") (unnecessary capitalization omitted). He alleged that the Commonwealth committed a **Brady** violation when it knowingly presented perjured testimony from its key witness, Lois Jackson. **See id.** at 2, 5.

Griffin alleged that while incarcerated in September 2020, a fellow inmate told him that he had the transcript of Lois Jackson's testimony at his accomplice's trial. **See id.** at 3. Griffin asserted in his PCRA petition that he eventually received a copy of the transcript but did not specify the date on which he allegedly received it. **See id.** Griffin's petition included an excerpt of Jackson's testimony at Griffin's trial in which she stated that Griffin's accomplice suggested that he and Griffin bomb the victim's house. **See id.** at Ex. DD. Griffin also quoted her testimony from his accomplice's trial stating that Griffin and his accomplice did not say which house they would bomb. **See id.** at Ex. EE. Griffin stated that prior counsel had argued on direct appeal that the trial court had abused its discretion in denying a continuance so he could obtain the transcripts of his accomplice's trial because they "would have revealed inconsistencies in the testimony of the witnesses." **Id.** at 3.

Griffin noted that the same prosecutor handled both his and his accomplice's cases. He therefore alleged a **Brady** violation, claiming that the

---

[1] **See Brady v. Maryland**, 373 U.S. 83 (1963).

Commonwealth had withheld impeachment testimony and did not reveal that Jackson "made two different statements while under oath, from [the] same question pose[d] to her." *Id.* at 9. He alleged that Jackson's testimony from his accomplice's trial satisfied the "unknown facts" time-bar exception. *See id.* at 2, 10 (citing 42 Pa.C.S.A. § 9545(b)(1)(ii)).

The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Rule 907 of Criminal Procedure. *See* Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, filed 9/27/23. The court concluded that the petition was time-barred and that the discrepancies in Jackson's testimony were not newly discovered evidence. Griffin responded to the court's notice and the court dismissed the petition as untimely. This timely appeal followed.

Griffin raises the following issues:

1. Whether PCRA Court erred in failing to give a circumstance-dependent analysis into [Griffin's] knowledge?

2. Whether PCRA Court erred in depending on the "public at large" instead of [Griffin's] actual knowledge?

3. Whether PCRA Court erred in using a conjectural response into [Griffin's] knowledge of alleged withheld evidence?

4. Whether PCRA Court erred when it failed in its disclosure obligations mandated by ***Brady v. Maryland*** and Pa.R.Crim.P. 573?

5. Whether Prosecutor knew or should have known of impeachment evidence of its key witness?

6. Whether the PCRA Court erred when [Griffin] invoked and met exception §9545(b)(1)(ii)?

- 3 -

7. Whether impeachment evidence unknown to [Griffin] meets the the [sic] statute §9545(b)(1)(ii)?

8. Whether PCRA Court erred when it failed to hold hearing involving determination relating to crucial witness credibility?

Griffin's Br. at 3.

"When reviewing the denial of a PCRA petition, this Court's standard of review is limited to whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." ***Commonwealth v. Hart***, 199 A.3d 475, 481 (Pa.Super. 2018) (cleaned up).

Griffin disputes the PCRA court's dismissal of his petition for untimeliness. A petitioner seeking relief under the PCRA must file a petition within one year of the date on which the judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** at § 9545(b)(3). Beyond the one-year deadline, the PCRA provides three time-bar exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). We may not address the merits of a **Brady** claim if the timeliness of a petition has not first been established. **See Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008).

Griffin's judgment of sentence became final on November 21, 1991, when his time to petition the United States Supreme Court for a writ of *certiorari* ended. **See** U.S. S. Ct. R. 13. The instant petition is therefore facially untimely, and Griffin bore the burden of pleading and proving one of the time-bar exceptions.

Griffin claimed the alleged **Brady** violation satisfied the newly discovered fact time-bar exception. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). When a petitioner claims a **Brady** violation meets Section 9545(b)(1)(ii), the petitioner must show that "the facts upon which the **Brady** claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence." **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008). "Due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Commonwealth v. Smith**, 194 A.3d 126, 134 (Pa. 2018) (cleaned up).

Griffin claims that Jackson's testimony at his accomplice's trial was concealed by the Commonwealth. He noted in his PCRA petition that direct appeal counsel argued in 1990 that the transcripts of his accomplice's trial

"would have revealed inconsistencies in the testimony of the witnesses." PCRA Petition at 3. He was thus aware long ago of the possibility that the transcripts would have shown differences in testimony between the two trials. Yet he did not plead any explanation of why he could not have obtained them and ascertained Jackson's testimony at his accomplice's trial sooner with reasonable effort. *See Smith*, 194 A.3d at 134. Because Griffin failed to plead and prove his due diligence, we affirm the order dismissing Griffin's petition as untimely. *See Stokes*, 959 A.2d at 310.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/28/2024