J-S07039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM JOHN TIERNO | : | |
| | : | |
| Appellant | : | No. 923 MDA 2023 |

Appeal from the PCRA Order Entered May 1, 2023
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000866-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM JOHN TIERNO | : | |
| | : | |
| Appellant | : | No. 924 MDA 2023 |

Appeal from the PCRA Order Entered May 1, 2023
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001290-2009

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED: DECEMBER 3, 2024**

William John Tierno, *pro se*, appeals from the order dismissing his sixth

petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See***

42 Pa.C.S. §§ 9541-9546. We affirm, albeit on different grounds than the

_____

* Retired Senior Judge assigned to the Superior Court.

PCRA court.[1]

The facts underpinning Tierno's convictions are irrelevant to disposition of the present appeal. However, as indicated by a prior panel of this Court:

> On August 30, 2010, Tierno entered guilty pleas at two dockets: (1) No. 866-2009 to one count each of robbery, criminal conspiracy, theft by unlawful taking, and receiving stolen property; and (2) No. 1290-2009 to one count each of robbery, criminal conspiracy, theft by unlawful taking, and terroristic threats. That same day, the trial court sentenced Tierno to an aggregate sentence of 12 to 24 years' imprisonment. On December 29, 2011, this Court dismissed Tierno's direct appeal due to his failure to file an appellate brief. **See Commonwealth v. Tierno**, 1299 MDA 2011 (Pa. Super. filed Dec. 29, 2011) (*per curiam*). Tierno did not seek review by the Pennsylvania Supreme Court.

**Commonwealth v. Tierno**, 886 MDA 2021, 2022 WL 1154678, at *1 (Pa. Super., filed April 19, 2022) (unpublished memorandum). That prior panel ultimately affirmed the dismissal of Tierno's fourth PCRA petition.

> Relevant here, Tierno filed his fifth PCRA petition on January 6, 2023.
>
> After providing notice of dismissal pursuant to Pa.R.Crim.P. 907[2], the Order of Court denying PCRA relief was entered on February 7, 2023. Then, on April 17, 2023, Tierno filed his sixth PCRA petition, seeking [the lower] [c]ourt to reinstate the appellate rights of his fifth PCRA petition. This [latter] petition was denied by Order of Court on May 1, 2023.

Trial Court Opinion, 8/15/23, at 1-2. Tierno timely appealed from the court's dismissal of his sixth PCRA petition.

_____

[1] We may affirm the PCRA court's ruling on any grounds that support it. **See Commonwealth v. Smith**, 194 A.3d 126, 132 (Pa. Super. 2018).

[2] Tierno filed a response to this Rule 907 notice on January 23, 2023.

On appeal, Tierno presents three issues for review:

1. Did the lower court err by refusing to reinstate his appellate PCRA rights *nunc pro tunc* due to a breakdown in the judicial system?

2. Did the lower court err in finding that it lacked jurisdiction to reinstate his appellate PCRA rights *nunc pro tunc* from the February 7, 2023 order dismissing his PCRA petition as he timely filed the most recent PCRA petition within one year of learning that the February 7, 2023 order was never timely received by him?

3. Should the matter be remanded to the lower court to reinstate his appellate PCRA rights *nunc pro tunc*?

Appellant's Brief, at 2.

All three of Tierno's claims raise the same point of contention: whether the lower court erred by dismissing his sixth PCRA petition and, in effect, foreclosing on his ability to appeal *nunc pro tunc* from the order dismissing his fifth PCRA petition.[3]

In assessing the dismissal of a PCRA petition, we employ a well-settled standard of review:

[W]e must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record are binding; however, this [C]ourt applies a *de novo* standard of review to the PCRA court's legal

---

[3] As he is seeking to obtain collateral relief from the dismissal of his fifth PCRA petition, his claim falls under the auspice of the PCRA. **See Commonwealth v. Eller**, 807 A.2d 838 (Pa. 2002) (establishing that a petitioner may not pursue reinstatement of appellate rights *nunc pro tunc* outside of the PCRA).

conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

*Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

The PCRA establishes that any petition, including a second or subsequent petition, must be filed within one year of the date on which a corresponding judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. *See* 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional, and a court may not address the merits of a PCRA petition if it was not timely filed. *See, e.g.*, *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Both Tierno's fifth and sixth PCRA petitions are facially untimely as they were not filed within one year of the date his judgment of sentence became final, January 30, 2012. *See Tierno*, 2022 WL 1154678, at *2 (stating that Tierno's judgment of sentence became final for purpose of the PCRA on January 30, 2012, and therefore he had until January 30, 2013, to file a timely petition).

Instantly, "Tierno's judgment of sentence became final on January 30, 2012, 30 days after this Court dismissed Tierno's appeal and the time to file a petition for allowance of appeal expired." *Id*. "Accordingly, Tierno had until

- 4 -

January 30, 2013, to file a timely PCRA petition. **See** 42 Pa.C.S.[] § 9545(b)(1)." **Id**. Tierno's sixth petition, filed on April 17, 2023, was filed more than ten years after his judgment of sentence became final. Therefore, his petition is facially untimely. **See** 42 Pa.C.S. § 9545(b)(3).

Notwithstanding this untimeliness, Tierno can surmount the PCRA's time-bar by pleading and proving one of three exceptions set forth under 42 Pa.C.S. § 9545(b)(1). That section provides:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." **Id**. § 9545(b)(2). An untimely petition absent an exception results in dismissal without a hearing as Pennsylvania courts are without jurisdiction to consider its merits. **See Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super.

2013).

Tierno claims that the Schuylkill County Clerk of Courts "sent the [February 7, 2023] dismissal order to the wrong [State Correctional Institution] facility, which was returned to the lower court by the [Pennsylvania] Department of Corrections." Appellant's Brief, at 4. In effect, this error "cost" him the right to timely appeal the order dismissing his fifth PCRA petition. *Id*., at 10.[4]

> The lower court ultimately found that Tierno was not entitled to relief:
>
> It is true that Tierno's mail was being sent to the wrong state correctional institution as it was listed improperly in the CPCMS system; however this was not discovered until months after both of these petitions were filed. It is certainly troubling that Tierno was not receiving his mail in a timely fashion. Unfortunately, this [c]ourt does not retain jurisdiction on Tierno's PCRA petitions. Tierno's request to reinstate his appellate rights must still meet the timeliness requirements of the PCRA.

Trial Court Opinion, 8/15/23, at 2. The lower court concluded that Tierno failed to allege any of the PCRA's timeliness exceptions. *See id*.

We disagree with the PCRA court to the extent it determined that it did not have jurisdiction to entertain Tierno's sixth PCRA petition, because that petition clearly evidences an exception to the time-bar related to his purported discovery in April 2023 of the fifth PCRA petition's February 2023 dismissal

---

[4] It appears undisputed, given his response thereto, that Tierno "was on notice pursuant to the Rule 907 notice that the proposed dismissal would be entered as an order of court within twenty days." Trial Court Opinion, 8/15/23, at 2 n.1.

order. In his sixth PCRA petition, Tierno alleged, under both the "governmental interference" and "newly discovered facts" exceptions to the PCRA's time-bar, that the court's entry of the order dismissing his fifth PCRA petition was not "known to the petitioner until or about April 2023 when he wrote to the Clerk to see if a decision was rendered on [that prior] PCRA [petition]." PCRA Petition, 4/17/23, at 3. Tierno was cognizant that the dismissal of his fifth petition would give him "30 days to appeal to Superior Court." *Id*. Where the court admitted that Tierno was not receiving his mail from the court in a timely fashion, even going so far as to call it "troubling," we conclude that the PCRA court abused its discretion in finding Tierno's sixth petition was untimely. *See Commonwealth v. Rojas*, 2784 EDA 2022, 2023 WL 8643618 at *5 (Pa. Super., filed Dec. 14, 2023) (unpublished memorandum) (holding that the lower court abused its discretion in dismissing, as untimely, a PCRA petition seeking reinstatement of the petitioner's right to appeal from a second, untimely PCRA petition, finding satisfaction of the newly discovered facts exception where the petitioner proved that his discovery of the order dismissing his second PCRA petition, received from prison officials over three months after its date of filing, constituted an unknown fact that could not have been ascertained through the exercise of due diligence).[5]

However, we do not end our review there, as the relief that is due on

---

[5] Non-precedential decisions from this Court filed after May 1, 2019 "may be cited for their persuasive value." Pa.R.A.P. 126(b).

Tierno's sixth PCRA petition is his opportunity to file a *nunc pro tunc* notice of appeal from his fifth PCRA petition. Our perusal of the underlying fifth petition reveals that Tierno failed to plead an exception to the one-year time bar within that document.[6] Tierno raised a single claim in his fifth petition related to the alleged ineffectiveness of the attorney who represented him during the litigation of his first PCRA petition. ***See*** PCRA Petition, 1/6/23, at 7. Tierno asserted the governmental interference time-bar exception based upon our Supreme Court's ruling in ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), which abrogated prior Supreme Court precedent and provided that PCRA petitioners could raise PCRA counsel ineffectiveness claims at the first opportunity to do so, even if on appeal. ***See*** PCRA Petition, 1/6/23, at 3 (stating that Tierno was "prevented from raising ineffective assistance of first PCRA counsel" by the prior rule concerning PCRA counsel ineffectiveness claims, which our Supreme Court found "to be inadequate in" ***Bradley***). Notwithstanding Tierno's argument, holdings of this Court are crystal clear that "[n]othing in ***Bradley*** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." ***Commonwealth v. Stahl***, 292 A.3d 1130, 1136 (Pa. Super. 2023); ***see also Commonwealth***

---

[6] Whereas ***Rojas***, cited ***supra,*** does not speak to whether that panel had considered the timeliness of the prior PCRA petition, we go one step further and, in the interest of judicial economy, reach the conclusion that a remand would be futile.

***v. Branthafer***, 315 A.3d 113, 123 (Pa. Super. 2024) ("***Bradley*** expanded the opportunities afforded a petitioner to raise ineffectiveness claims, albeit still requiring that the petitioner satisfy the jurisdictional one-year time-bar requirement.").

Therefore, although Tierno was entitled to PCRA relief on his sixth petition allowing his *nunc pro tunc* appeal, we affirm the May 1, 2023 order dismissing the sixth petition where the underlying untimely fifth petition facially failed to plead an exception to the PCRA's one-year time bar.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/03/2024