J-S22028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
THOMAS EASTER :
:
Appellant : No. 1232 MDA 2024

Appeal from the PCRA Order Entered July 26, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000526-2022

BEFORE: LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: JULY 18, 2025**

Thomas Easter appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

This matter arises from Appellant's indecent contact with the victim in his apartment on July 16, 2021. Appellant was arrested and charged with aggravated indecent assault as a felony of the second degree. Thereafter, Appellant entered a *nolo contendere* plea to indecent assault, a misdemeanor of the first degree, in exchange for fifteen to thirty months of incarceration to run concurrently with an existing unrelated sentence.

At the plea hearing, the Commonwealth informed the court that based on Appellant's offense, he would be required to register as a sexual offender

---

[*] Former Justice specially assigned to the Superior Court.

for twenty-five years in accordance with the Sexual Offender Registration and Notification Act ("SORNA"). *See* N.T. Plea Hearing, 3/20/23, at 3. The court then asked Appellant whether he (1) spoke with his attorney about his case, (2) understood the nature and consequences of his plea, including that the Sexual Offenders Assessment Board ("SOAB") would assess whether he should be deemed a sexually violent predator ("SVP"), and (3) had any questions. *Id*. at 3-4. Appellant confirmed that he was entering his plea knowingly, intelligently, and voluntarily, and denied having any questions. *Id*. Following the colloquy, the trial court accepted the plea and deferred sentencing until the SOAB investigated Appellant's case. Based upon the SOAB report, the court determined Appellant to be an SVP and imposed the standard-range sentence of fifteen to thirty months of incarceration in accordance with the plea.

Appellant subsequently submitted a post-sentence motion seeking to withdraw his plea, arguing that he did not understand that he would have to register as a sexual offender for twenty-five years. The court denied the motion, and he appealed. Since Appellant failed to file a docketing statement, this Court dismissed it. Appellant's appeal rights were thereafter reinstated through a *pro se* filing treated as a first timely PCRA petition, and counsel was appointed. However, counsel did not pursue an appeal. Several months later, Appellant submitted a *pro se* petition seeking a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). Appellant's counsel

thereafter filed the instant timely PCRA petition, and Appellant informed the court that he no longer wished to proceed *pro se*. In the petition, Appellant asserted that plea counsel was ineffective for failing to inform him of his sexual offender registration requirement, and for preventing him from meaningfully participating in his own defense, leading him to enter a plea that was not knowing or voluntary. ***See*** PCRA Petition, 5/10/24, at ¶¶ 6(a)-(b).

At the ensuing PCRA evidentiary hearing, Appellant and his plea counsel, Bradon Toomey, Esquire, testified. Appellant first conceded that Attorney Toomey may have discussed the SORNA registration requirement with him prior to the entry of his plea. However, he explained that he nonetheless did not understand it. ***See*** N.T. PCRA Hearing, 7/26/24, at 4-5. Appellant also acknowledged that the registration requirement was reviewed at the plea hearing, but maintained that he did not comprehend what was being said to him. ***Id***. at 5-6. He contended that Attorney Toomey only met with him one time to talk about his case, and that he never received a copy of discovery materials. ***Id***. at 7-9.

Attorney Toomey testified that the discovery in Appellant's case was insubstantial and consisted of one witness statement and a police report, which he reviewed with Appellant. ***Id***. at 15. He also attested that he met with Appellant numerous times to discuss his case. ***Id***. at 14-15. Attorney Toomey confirmed that, as in any other case involving SORNA, he discussed the "broad strokes" of the registration requirements with Appellant. ***Id***. at

18-19. Importantly, he handwrote on the written plea colloquy form that a collateral consequence of Appellant's plea included SORNA's twenty-five-year registration requirement, which Appellant had initialed and signed. *See* Written Plea Colloquy, 3/20/23, at ¶ 13.

The PCRA court denied Appellant's petition, and this appeal followed. Both Appellant and the court complied with the requirements of Pa.R.A.P. 1925. Appellant presents one issue for our determination: "Whether [plea c]ounsel was ineffective for failing to allow Appellant to meaningfully participate in his own defense, which resulted in Appellant entering a *nolo contendere* plea that was not voluntary and knowing?" Appellant's brief at 6.

This Court reviews an order denying a PCRA petition to determine "whether the findings of the PCRA court are supported by the record and are free from legal error." ***Commonwealth v. Howard***, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). We afford "great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." ***Commonwealth v. Smith***, 194 A.3d 126, 132 (Pa.Super. 2018) (cleaned up). However, we review the court's legal conclusions *de novo*, and our scope of review is plenary. ***Id***. The appellant has the burden "to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Stansbury***, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

Appellant challenges plea counsel's effectiveness, for which the following principles guide our analysis:

> Counsel is presumed to be effective and it is a petitioner's burden to overcome this presumption by a preponderance of the evidence. To succeed on a claim of ineffective assistance of counsel, a petitioner must establish three criteria: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable basis for his or her action or inaction; and (3) that petitioner was prejudiced as a result of the complained-of action or inaction. The failure to satisfy any one of these criteria is fatal to the claim.

*Commonwealth v. Thomas*, 323 A.3d 611, 620-21 (Pa. 2024) (cleaned up). As to the first prong, a claim will be deemed to have arguable merit where "the factual averments, if accurate, could establish cause for relief." *Commonwealth v. Evans*, 303 A.3d 175, 182 (Pa.Super. 2023).

A valid plea is one where the defendant, based upon a totality of the circumstances, "had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Hart*, 174 A.3d 660, 668 (Pa.Super. 2017). It is presumed that when a defendant enters into a plea, he is aware of what he is doing. *Commonwealth v. Alameda*, ___ A.3d ___, 2025 WL 1635561, at *2 (Pa.Super. June 10, 2025). Additionally, "[a] person who elects to [enter into a plea] is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his colloquy." *Id*.

Appellant argues that he demonstrated that he did not enter into his plea knowingly or voluntarily where he testified at the PCRA hearing that plea counsel did not provide him with a copy of discovery materials, did not review SORNA's registration requirement with him prior to the plea, and only met with him once. *See* Appellant's brief at 17-18. He further avers that Attorney Toomey verified that he did not review SORNA's registration requirement as applicable to him where he stated that he only discussed the "broad strokes" with Appellant. *Id*. at 11. If Appellant knew about the twenty-five-year registration requirement, he contends that he never would have entered into his plea. *Id*. at 12.

The PCRA court concluded that Appellant did not present a claim with arguable merit. It explained that, contrary to his current assertions, at the plea hearing, Appellant testified that he spoke to Attorney Toomey about his case, had no questions, and understood his plea agreement. *See* Trial Court Opinion, 10/8/24, at 9. The court further noted that Appellant stated that he "absolutely" understood that the SOAB would investigate his case to determine whether he should be considered an SVP. *Id*. at 10. The court credited Attorney Toomey's testimony that he discussed Appellant's case with him multiple times and appropriately reviewed the consequences of Appellant's plea. *Id*. at 10-11. Thus, the court found that Appellant did not meet his burden to establish a claim of ineffective assistance of counsel.

The PCRA court's conclusion is supported by the record, and we discern no error of law in its analysis. At the plea hearing, Appellant confirmed that Attorney Toomey reviewed his case with him, he understood the nature and consequences of his plea, and he was aware that the SOAB would investigate his case. **See** N.T. Plea Hearing, 3/20/23, at 4-6. Appellant's knowledge of SORNA's twenty-five-year registration requirement is also evidenced by Attorney Toomey's handwritten note on the written plea colloquy form, which Appellant initialed and signed. **See** Written Plea Colloquy, 3/20/23, at ¶ 13. Appellant cannot now "assert grounds for withdrawing the plea which contradict the statements he made at his colloquy." **Alameda**, 2025 WL 1635561, at *2 (cleaned up). Essentially, Appellant asks this Court to disregard the credibility determinations of the PCRA court. However, we are bound by the court's findings particularly where, as here, they are supported by the record. **See Smith**, 194 A.3d at 132. We therefore find no error in the PCRA court's conclusion that Appellant did not present an argument with any merit. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>07/18/2025</u>